FILED
FEBRUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGIE ORTEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| MICHAEL B. MUKASEY, Attorney General | ) | |
| of the United States, and EMILIO T. GONZALEZ, | ) | |
| as Director of the Bureau of U.S. Citizenship | ) | |
| and Immigration Services, | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 1121**

**JUDGE MANNING
MAGISTRATE JUDGE MASON**

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff Angie Ortega, by and through the undersigned counsel and pursuant to 8 U.S.C. § 1503(a), and respectfully requests that the Court declare her a citizen of the United States. For her complaint against Defendants, Ms. Ortega states as follows:

### PARTIES

1. Plaintiff Angie Ortega is a resident of Chicago, Illinois.

2. Defendant Michael B. Mukasey is the Attorney General of the United States.

3. Defendant Emilio T. Gonzalez is the Director of the Bureau of U.S. Citizenship and Immigration Services ("CSIS").

### JURISDICTION

1. This Court has jurisdiction over this case pursuant to 8 U.S.C. § 1503 and 28 U.S.C. § 2201 as it concerns a proceeding for a declaration of nationality brought by a person who resides in this judicial district.

## BACKGROUND

2. Plaintiff Angie Ortega was born in Aguascalientes, Mexico on August 29, 1981 to Alfredo Ortega and Maria Guadalupe Gaytan.

3. At the time of Plaintiff's birth, her father, Alfredo Ortega, was a U.S. citizen living in Fort Worth, Texas.

4. Alfredo Ortega was born in Chicago, Illinois on March 21, 1955. Alfredo Ortega resided in the United States his entire life.

5. In 1977, Alfredo Ortega met and began a relationship with Maria Guadalupe Gaytan, Plaintiff's mother.

6. Alfredo Ortega and Maria Guadalupe Gaytan moved to Texas in 1980 where they agreed to live as common law husband and wife and held themselves out to others as such.

7. At the time of Plaintiff's birth in 1981, Maria Guadalupe Gaytan was a Mexican citizen living with Alfredo Ortega in Fort Worth, Texas.

8. Maria Guadalupe Gaytan has resided in the United States since 1977 and is currently a lawful permanent resident of the country.

9. Alfredo Ortega and Maria Guadalupe Gaytan lived together until 1991 as common law husband and wife.

10. Thereafter until his death on July 7, 1999, Alfredo Ortega regarded Plaintiff as his daughter and provided her with financial support, including naming her as the beneficiary of his Social Security disability payments.

## REFUSAL TO RECOGNIZE PLAINTIFF'S RIGHT TO U.S. CITIZENSHIP

11. On April 12, 2002, Plaintiff filed an Application for Certificate of Citizenship pursuant to Section 309 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1409.

12. On April 24, 2002, the Chicago Office of the Immigration and Naturalization Service ("INS"), the predecessor of CSIS, denied Plaintiff's application for citizenship without an interview or hearing. A copy of CSIS's decision is attached hereto as Exhibit 1.

13. Nonetheless, on May 7, 2002, an Immigration Judge in a deportation proceeding found that Plaintiff had acquired U.S. citizenship through her father, Mr. Ortega. A copy of the Immigration Judge's decision is attached hereto as Exhibit 2.

14. Although apprised of the Immigration Judge's determination that Plaintiff is a U.S. citizen, on February 28, 2003, the Administrative Appeals Office of INS denied Plaintiff's appeal of the Chicago Office's action declining to recognize her U.S. citizenship. A copy of AAO's decision is attached hereto as Exhibit 3.

15. Plaintiff thus has exhausted all of her administrative remedies.

16. Plaintiff has been denied her rights and privileges as a U.S. citizen and therefore there exists a current case and controversy over Plaintiff's entitlement to U.S. citizenship.

## PLAINTIFF'S ENTITLEMENT TO CITIZENSHIP

16. Section 301(g) of INA, 8 U.S.C. § 1401(g), defines a "citizen" as follows:

> [A] person born outside of the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years."

17. Plaintiff is entitled to be declared a U.S. citizen as she meets all of the requirements of that status under the INA.

18. Under Section 301(g), as previously found by the Immigration Judge, Plaintiff is a U.S. citizen because her father was a U.S. citizen who had resided in the United States for at least five years before her birth.

19. Under Texas law, two persons who agree to be married, live together in the state of Texas as husband and wife, and represent to others that they are married are considered parties to a common law marriage.

20. Alfredo Ortega and Maria Guadalupe Gaytan were common law husband and wife from their first residence in Texas in 1980 until well after Plaintiff's birth.

21. A child who issues from a common law marriage in Texas is considered to be the couple's lawful child upon her birth.

22. Plaintiff, therefore, is the legitimate child of Alfredo Ortega and Maria Guadalupe Gaytan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Angie Ortega respectfully requests that the Court declare her to be a U.S. citizen and grant any other relief, including an award of her costs, that the Court deems just and appropriate under the circumstances.

Respectfully submitted,

Dated: February 22, 2008

s/ James A. Morsch
_____
Plaintiff's Attorney

James A. Morsch (6209558)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602-4257
312-444-9660

4