08 C 1121

JUDGE MANNING
MAGISTRATE JUDGE MASON

# EXHIBIT 1

**U.S. Department of Justice**
Immigration and Naturalization Service

A043 793 087

539 South LaSalle
Chicago, Illinois 60605

APR 24 2002

Angie Ortega-Gaytan
   Anne Relias, Attorney at Law
   TIA/Chicago Connections
   208 S. LaSalle St., Ste. 1818
   Chicago, IL 60659

## DECISION

Upon consideration, it is ordered that your Application for Certificate of Citizenship (N-600) be denied for the following reasons:

### SEE ATTACHED

If you desire to appeal this decision, you may do so.  Your notice of appeal must be filed within 30 days from the date of this notice, (33 days, if this notice was received by mail).  If no appeal is filed within the time allowed, this decision is final.  An Appeal in your case may be made to:

Commissioner on the enclosed Form I-290B.  (A fee is $110.00 is required)

If an appeal is desired, the Notice of Appeal shall be executed and filed with the District Office at 10 W. Jackson Blvd., Chicago, IL 60604, second floor, Mon.-Thurs., 7:30 AM – 2:00 PM, together with the required fee.  A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal.

Any questions which you may have will be answered by the local immigration office nearest your residence or at the address in the heading of this letter.

Sincerely,

Brian R. Perryman
District Director

Enclosure(s) Form I-290B

Page 2
A043 793 087

The instant application, Form N-600, requesting issuance of a Certificate of
United States Citizenship, pursuant to the provisions of Section 341 of the Immigration
and Nationality Act ("Act"), as amended, was submitted to this office on April 12, 2002,
claiming United States citizenship through your father by virtue of section 301(g) of the
Act. The application will be denied.

Title 8, Code of Federal regulations Section 341 states in pertinent part (8 CFR
341.1): "An application for a certificate of citizenship by or in behalf of a person who
claims to have acquired derived United States citizenship as specified in section 341 of
the Act shall be submitted on Form N-600 in accordance with the instructions thereon.
The application shall be supported by documentary and other evidence essential to
establish the claimed citizenship…"Part 341.2(c) states in pertinent part:  **"The burden
of proof shall be upon the claimant, or his parent or guardian if one is acting on his
behalf, to establish the claimed citizenship by a preponderance of the evidence."**
Part 341.2(a) states in pertinent part: "An application received at a Service office having
jurisdiction over the applicant's residence may be processed without interview if the
Service office adjudicating the case has in the Service administrative file(s) all the
required documentation necessary to establish the applicant's eligibility for U.S.
citizenship, … (Emphasis Added).

In order to qualify for derivative citizenship, the applicant must meet the
requirements of section 101(c)(1) of the INA:

    (c) As used in title III---
        (1) The term "child" means an unmarried person under twenty-one
years of age and includes a child legitimated under the law of the child's
residence or domicile, or under the law of the father's residence or domicile,
whether in the United States or elsewhere, and, except as otherwise provided
in sections 320, and 321 of title III, a child adopted in the United States, if
such legitimation or adoption takes place before the child reaches the age of
sixteen years, and the child is in the legal custody of the legitimating or
adopting parent or parents at the time of such legitimation or adoption."

A review of the record shows that only your father, Alfredo Ortega, was a United
States citizen. The death certificate submitted with your application indicates that he died
on July 7, 1999. Your birth certificate, which shows that you were born on August 29,
1981, in Aguascalientes, Mexico, does not indicate your father's name or your paternal
grandparents.  It is noted that on your sister's birth certificate your father's name also
does not appear. Your attorney of record states in a letter dated April 12, 2002, and
declarations were enclosed, stating that your parents were living together in Texas and
considered themselves "informally" married and had two children together. The
declaration by your mother, Guadalupe Gaytan Hickey, states that "Alfredo and I were

Page 3
A43 793 087

together, as husband and wife, from 1979 until 1992". Service records indicate that your
mother married David W. Hickey on January 31, 1992. The record shows that you and
your mother were beneficiaries of relative visa petitions filed by Mr. Hickey as the step-
child and spouse of a United States citizen, respectively, on July 1,1992. In response to
question 18 on your application for immigrant visa submitted to the American Consulate
in Ciudad Juarez, Mexico, the name of your father is stated as **"unknown"**. You and your
mother were admitted to the United States as lawful permanent residents, CR-1 and CR-
2, on January 6, 1993.

Your N-600 application was also reviewed for possible eligibility under section
309 of the Act.

Section 309 of the Act states in part:

(a) The provisions of paragraphs (c), (d), (e), and (g) of section 301, and of
paragraph (2) of section 308, shall apply as of the date of birth to a
person born out of wedlock if—

(1) a blood relationship between the person and the father is established
by clear and convincing evidence,

(2) the father had the nationality of the United States at the time of the
person's birth,

(3) the father (unless deceased) has agreed in writing to provide financial
support for the person until the person reaches the age of 18 years, and

(4) while the person is under the age of 18 years—

(A) the person is legitimated under the law of the person's residence
or domicile,
(B) the father acknowledges paternity of the person in writing under
oath, or
(C) the paternity of the person is established by adjudication of a
competent court.

The record does not show compliance with the requirements of Section 309 of the
Act. In order to derive United States citizenship through your father, you must have met
the requirements of Section 101(c)(1) of the Act. Therefore, your application for
certificate of citizenship is denied.

This decision is made without prejudice to your filing an application for
naturalization under Section 316 of the Act in your own behalf, anytime hereafter.

# EXHIBIT 2

**IMMIGRATION COURT**
55 E. Monroe Street, Suite 1900
Chicago, Illinois 60603

In the Matter of: _ANGIE ORTEGA - GAYTAN_          Case A# _43 - 793 - 087_

**Respondent**                                    **IN REMOVAL PROCEEDINGS**

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _MAY 7, 2002_
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[ ]     The respondent was ordered removed from the United States to _____

[ ]     Respondent's application for voluntary departure was denied and respondent was ordered removed to _____ alternative to _____

[ ]     Respondent's application for voluntary departure was granted until _____ upon posting a bond in the amount of $ _____ with an alternate order of removal to _____

[ ]     Respondent's application for asylum was       ( ) granted     ( ) denied     ( ) withdrawn.

[ ]     Respondent's application for withholding of removal was   ( ) granted   ( ) denied   ( ) withdrawn.

[ ]     Respondent's application for cancellation of removal under Section 240A(a) was  ( ) granted ( ) denied   ( ) withdrawn.

[ ]     Respondent's application for cancellation of removal under Section 240A(b) was     ( ) granted ( ) denied   ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ]     Respondent's application for a waiver under Section _____ of the INA was     ( ) granted ( ) denied   ( ) withdrawn   ( ) other.

[ ]     Respondent's application for adjustment of status under Section _____ of the INA was ( ) granted   ( ) denied   ( ) withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

[ ]     Respondent's status was rescinded under Section 246.

[ ]     Respondent is admitted to the United States as a _____ until _____

[ ]     As a condition of admission, respondent is to post a $ _____ bond.

[ ]     Respondent knowingly filed a frivolous asylum application after proper notice.

[ ]     Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[x]     Proceedings were terminated.

[x]     Other: _RESPONDENT ESTABLISHED THAT SHE ACQUIRED U.S. CITIZENSHIP THROUGH HER U.S.C. FATHER ALFREDO ORTEGA PURSUANT TO 301(g) OF THE INA._

Date: _5/7/02_
Appeal: [ ] WAIVED [x] RESERVED
BY:   [ ] Respondent [x] INS [ ] Both
      Appeal due date: _JUN 6, 2002_

_____
Immigration Judge

# EXHIBIT 3

U.S. Department ⟨ ⟩ ustice

Immigration and Naturalization Service

*OFFICE OF ADMINISTRATIVE APPEALS*
*425 Eye Street N.W.*
*ULLB, 3rd Floor*
*Washington, D.C. 20536*

ANGIE GAYTAN
MCHENRY COUNTY JAIL
2200 NORTH SEMINARY AVENUE
WOODSTOCK, IL 60098

FEB 28 2003

FILE: A43 793 087     Office: Chicago                      Date:

IN RE:  Applicant:     ANGIE GAYTAN
                       aka ANGELA ORTEGA

APPLICATION:           Application for Certificate of Citizenship under Section 309 of the
                       Immigration and Nationality Act, 8 U.S.C. § 1409

IN BEHALF OF APPLICANT:      ANNE RELIAS
                             208 SOUTH LASALLE STREET, STE. 1818
                             CHICAGO, IL 60604

INSTRUCTIONS:

This is the decision in your case. All documents have been returned to the office that originally decided your case. Any further inquiry must be made to that office.

If you believe the law was inappropriately applied or the analysis used in reaching the decision was inconsistent with the information provided or with precedent decisions, you may file a motion to reconsider. Such a motion must state the reasons for reconsideration and be supported by any pertinent precedent decisions. Any motion to reconsider must be filed within 30 days of the decision that the motion seeks to reconsider, as required under 8 C.F.R. § 103.5(a)(1)(i).

If you have new or additional information that you wish to have considered, you may file a motion to reopen. Such a motion must state the new facts to be proved at the reopened proceeding and be supported by affidavits or other documentary evidence. Any motion to reopen must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and beyond the control of the applicant or petitioner. *Id.*

Any motion must be filed with the office that originally decided your case along with a fee of $110 as required under 8 C.F.R. § 103.7.

Robert P. Wiemann, Director
Administrative Appeals Office

**DISCUSSION:** The application was denied by the District Director, Chicago, Illinois, and is now before the Administrative Appeals Office (AAO) on appeal. The appeal will be dismissed.

The applicant was born in Mexico on August 21, 1981. The applicant's father is not listed on her birth certificate. The applicant alleges that her father is Alfredo Ortega, who was born in the United States in March 1955 and died in July 1999. The applicant's mother, Maria Gaytan, was born in Mexico in January 1958 and never had a claim to U.S. citizenship. The applicant's parents never got married each other. The applicant's mother married David Hickey in 1992, and the applicant and her mother were lawfully admitted for permanent residence in January 1993.

The district director noted that the applicant claimed U.S. citizenship through her father under section 301(g) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1401. The district director determined the applicant had failed to meet the requirements of section 101(c)(1) of the Act, 8 U.S.C. § 1101(c)(1), regarding the definition of the term "child." The district director also reviewed the application under section 309 of the Act, 8 U.S.C. § 1409. The district director determined that the applicant had failed to meet those requirements and denied the application accordingly.

On appeal, counsel states that the applicant meets the requirements of section 101(c)(1) of the Act as she was legitimated. Counsel asserts that Alfredo Ortega and the applicant's mother lived together as man and wife in Texas from 1979 until 1992, and the State of Texas recognizes common law marriages. *See Matter of Garcia*, 16 I&N Dec. 623 (BIA 1978). Counsel, states, as such, the applicant was a legitimate offspring of that marriage.

In *Matter of Garcia*, the birth certificates of the U.S. citizen's five children listed the name of the purported common-law husband as father. In the present matter the purported common-law husband is not listed as the father.

The record contains a statement from the applicant's mother in which she asserts that she met Alfredo Ortega in 1979 and they eventually lived together in Chicago in 1979. She and Alfredo decided to move to Texas for a while and they lived in Fort Worth. The applicant's mother made an emergency trip to Mexico when she was eight months pregnant, presumably in July 1981, and the applicant was born there in August 1981. After the applicant and her mother returned to Texas for one month, the three of them returned to Chicago (presumably in September or October 1981). The applicant's sister, Sharon, was born in Chicago in 1983. The applicant's mother states that she and Alfredo lived together from 1979 to 1992, one year of that time being in Texas. The applicant's grandmother states that the applicant's mother and Alfredo lived together from 1979 until 1991.

A43 793 087

(a) If a statement of paternity has been executed by the father of an illegitimate child, the father...may file a petition for a decree designating the father as a parent of the child. The statement of paternity must be attached to the petition.

(b) The court shall enter a decree designating the child as the legitimate child of its father and the father as a parent of the child if the court finds that:

  (1) the parent-child relationship between the child and its original mother has not been terminated be a decree of a court;

  (2) the statement of paternity was executed as provided in this chapter, and the facts stated therein are true; and

  (3) the mother or the managing conservator, if any, has consented to the decree.

The record fails to contain a court decree resulting from an action taken by the applicant's father under section 13.21 of the Texas Family Code to establish the applicant was legitimated as alleged.

Pursuant to 8 C.F.R. § 341.2(c), the burden of proof shall be upon the claimant, or his parent or guardian if one is acting in his behalf, to establish the claimed citizenship by a preponderance of the evidence. The applicant in this matter has not met that burden. Accordingly, the appeal will be dismissed.

Should this matter appear before the AAO again, it must be accompanied by the Service file of the applicant's mother, Guadalupe Gaytan de Hickey, nee Guadalupe Gaytan Esparza.

**ORDER:** The appeal is dismissed.

02/28/03/AAORDB01/G/43793087,.ctz