IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGIE ORTEGA,<br><br>              Plaintiff,<br><br>      v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States, and EMILIO T. GONZALEZ, as Director of the Bureau of U.S. Citizenship and Immigration Services,[1]<br><br>              Defendants. | No. 08 C 1121<br>Judge Manning<br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

## MEMORANDUM IN LAW IN SUPPORT OF MOTION TO DISMISS

Defendants, by and through undersigned counsel, respectfully request that this Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Immigration and Nationality Act ("INA") § 360(a)(1), 8 U.S.C. § 1503(a)(1) (1996).

## INTRODUCTION

Jurisdiction to consider Plaintiff's claim is barred pursuant to 8 U.S.C. § 1503(a)(1) because Plaintiff's application for a certificate of citizenship "arose by reason of, or in connection with" her removal proceedings. Plaintiff did not seek a certificate of citizenship until after removal proceedings were commenced against her. Accordingly, her claim is statutorily precluded and this Court should dismiss the Complaint for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2001, while Plaintiff was serving a three year sentence for a robbery conviction, the former Immigration and Naturalization Service ("former INS") commenced

---

[1] Plaintiff names Emilio T. Gonzalez, as Director of the U.S. Citizenship and Immigration Services ("USCIS") a Defendant in this action. Defendants note that Jonathan Scharfen is presently Acting Director of USCIS and should be substituted for Mr. Gonzalez. *See* Fed. R. Civ. P. 25(d). Counsel for Defendant hereby submit this motion to dismiss on behalf of Jonathan Scharfen, as Director of USCIS, in addition to Attorney General of the United States.

removal proceedings against Plaintiff on the basis of her conviction of a crime of violence. *See* Notice to Appear (attached as Exhibit A). On April 12, 2002, while removal proceedings were still pending, Plaintiff filed a Form N-600, Application for Certificate of Citizenship. *See* Application for Certificate of Citizenship (attached as Exhibit B). On April 24, 2002, the Chicago Office of the former INS denied Plaintiff's application. *See* Decision of District Director (attached as Exhibit C). On May 6, 2002, Plaintiff appealed the denial of her application to the Office of Administrative Appeals ("AAO") for the former INS. *See* Notice of Appeal (attached as Exhibit D). On May 7, 2002, while Plaintiff's appeal was pending before the AAO, an Immigration Judge terminated the removal proceedings against Plaintiff. *See* Order of the Immigration Judge (attached as Exhibit E). In the N-600 proceedings, the AAO ultimately held that Plaintiff failed to establish her claimed citizenship and dismissed her appeal on February 28, 2003. *See* Decision of Office of Administrative Appeals (attached as Exhibit F). Plaintiff now requests this Court declare her a United States citizen in a proceeding under 8 U.S.C. § 1503.

## ARGUMENT

### I. PLAINTIFF'S CLAIM IS BARRED PURSUANT TO 8 U.S.C. § 1503(a)(1) BECAUSE THE ISSUE OF HER CITIZENSHIP FIRST AROSE IN REMOVAL PROCEEDINGS.

Dismissal is warranted pursuant to 8 U.S.C. § 1503(a)(1) because Plaintiff's status "arose by reason of, or in connection with" her removal proceedings. Plaintiff filed her application for citizenship on April 12, 2002. *See* Exhibit B. At the time she filed her application, Plaintiff was in removal proceedings, which the former INS had initiated approximately six months prior. *See* Exhibit A. Plaintiff contends that this Court has jurisdiction to consider her declaratory action as provided for in 8 U.S.C. § 1503, section 360(a) of the Immigration and Nationality Act. However, 8 U.S.C. § 1503(a)(1) precludes jurisdiction for claims of citizenship that arose in connection with removal proceedings:

> Proceedings for declaration of United States nationality. If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of

> section 2201 of title 28, United States Code, against the head of such department or independent agency for a judgment declaring him to be a national of the United states, *except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this or any other act*, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is hereby conferred upon those courts.

8 U.S.C. § 1503(a) (emphasis added).

The plain language of section 1503(a)(1) bars jurisdiction in this case. Since Plaintiff first asserted her claim to citizenship during her removal proceedings, her status as a national arose "by reason of, or in connection with" removal proceedings. Thus, under the plain language of the statute, this Court does not have jurisdiction to consider Plaintiff's claim of citizenship in this case.

## II. PLAINTIFF'S CLAIM IS PRECLUDED EVEN THOUGH REMOVAL PROCEEDINGS TERMINATED PRIOR TO THIS ACTION.

Section 1503(a)(l) is applicable to this case even though the removal proceedings against Plaintiff were terminated prior to the time she filed this declaratory action. While the removal proceedings against Plaintiff were terminated prior to this action, removal proceedings were pending at the time she initially filed the application for citizenship at issue in this case. *See* Exhibits A-B. Moreover, Plaintiff asserted her claim of citizenship as a defense to removal. *See* Exhibit E. As such, the issue of Plaintiff's status in this declaratory action arose "by reason of, or in connection with" removal proceedings.

The plain and unambiguous language of the statute supports this position. In construing a statute, if the statute is clear, a court does not need to look further than the plain language of the statute. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999). Where the statutory language provides a clear answer, the analysis ends with the statutes language. *Id.* at 438.

Congress delineated two separate situations where a district court's jurisdiction to

consider the denial of a persons application for citizenship would be barred. One is where the person's status as a national arose "by reason of, or in connection with" removal proceedings. 8 U.S.C. § 1503(a)(1). The other is where the claim to citizenship is "in issue in any such removal proceeding." 8 U.S.C. § 1503(a)(2). By specifying the second situation, where removal proceedings are still pending, Congress intended the first situation to apply where removal proceedings had already terminated, yet the claim to citizenship had nonetheless arisen "by reason of, or in connection with" his removal proceedings. *Said v. Eddy*, 87 F. Supp. 2d 937, 941 (D. Alaska 2000).² If the exception applied only while a removal proceeding is still pending, then the first exception would be superfluous since the second section covers instances where the removal proceeding is still pending. The past tense "arose" used in the first exception also indicates that this provision applies to concluded removal proceedings. *Said*, 87 F. Supp. 2d at 941. Thus, the termination of Plaintiff's removal proceedings prior to commencement of this action does exempt her claim from the statute's bar. Plaintiff's citizenship claim is barred by 8 U.S.C. § 1503(a)(2) notwithstanding that removal proceedings terminated prior to her commencement of this declaratory action because her claim of citizenship first arose by reason of, or in connection with her removal proceedings.

### III. CASE LAW SUPPORTS DISMISSAL OF PLAINTIFF'S CLAIM FOR LACK OF JURISDICTION.

The case of *Rios-Valenzuela v. Department of Homeland Sec.*, 506 F.3d 393 (5th Cir. 2007) is on point. As in this case, the applicant in *Rios-Valenzuela* was served with a Notice to Appear, placing him in removal proceedings. *Rios-Valenzuela*, 56 F.3d at 396. Like Plaintiff, Rios filed a Form N-600 while removal proceedings were still pending. *Id.* Likewise, the District Director denied the application and Rios appealed to the Administrative Appeals Unit ("AAU"). *Id.* Meanwhile, as in the instant case, Rios defended against removal in the

---

² In *Said*, the petitioner was in removal proceedings when she asserted her claim of citizenship. *Said*, 87 F. Supp. 2d at 939. Prior to the conclusion of the removal proceedings, the INS and petitioner agreed to withhold removal so as to allow petitioner to apply for citizenship. In concluding that it did not have jurisdiction to consider the petitioner's declaratory action, the court held that section 1503(a)(1) barred jurisdiction because the issue of the petitioner's status arose in connection with removal proceedings, even though the removal proceedings had been terminated. *Said*, 87 F. Supp. 2d at 943.

proceedings by submitting evidence of his citizenship and the Immigration Judge terminated the removal proceedings. *Id.* Finally, subsequent to termination of the removal proceedings, the AAU rejected Rios' appeal. *Id.*

In district court, the Government moved to dismiss for lack of jurisdiction. *Id.* The court granted the motion to dismiss and on appeal the Fifth Circuit upheld dismissal. *Id.* Citing the district court's opinion, the Fifth Circuit noted it was "...beyond dispute that questions as to [Rios'] citizenship arose after the initiation of removal proceeding... and [Rios] cannot obviate Congressional intent limiting the manner in which claims of nationality may be raised following the initiation of removal proceedings pursuant to 1252(b)(5) by also pursuing an alternative claim of citizenship, where his claim to citizenship also arose by reason of or in connection with his removal proceedings." *Id.* at 398.[3] The Fifth Circuit agreed that timing of the application alone does not control. Rather, what matters is that the issue of citizenship arose in connection with removal proceedings. *Id.* The Fifth Circuit explained, "it is the context of how the particular issue of citizenship arose rather than the mere timing of events that determine the applicability of 1503(a)(1)." *Id.* The Court held the exception in section 1503(a)(1) precluded jurisdiction over Rios' citizenship claim because "the issue of Rios' citizenship that forms the basis of his claim originated, at the least, in connection with the removal proceedings." The court further held that it did not matter that removal proceedings had ended when Rios brought his claim for declaratory judgement. *Id. citing Said*, 87 F. Supp. 2d at 941.[4] Rather, a citizenship claim must find its

---

[3] Pursuant to 9 U.S.C. § 1252(b), a person in removal proceedings who asserts a claim of citizenship in defense to the removal proceedings, initially raises the issue before the immigration judge. If the immigration judge rules that the petitioner has not established his claim of citizenship, the issue can be appealed to the Board of Immigration Appeals and ultimately to the Court of Appeals. 8 U.S.C. § 1252(b).

[4] The *Rios* court rejected *North v. Rooney*, 2003 WL 21432590 (D.N.J. 2003), which held that an action seeking judicial review by declaratory action did not arise out of, or in connection with a removal proceeding because no removal proceedings were presently ongoing. The *Rios* court explained it was not presuaded by *North* on three accounts:

> First, the district court changed the tense of the verb in the exception from "arose" to "arise." Second, the *North* court immediately qualified its analysis of the exception: "Moreover, the issue of

genesis outside of the context of removal proceedings. *Rios-Valenzuela*, 56 F.3d at 399.[5] The question is whether a claim to citizenship arose in connection with the removal proceedings and not whether the declaratory action arose in connection with the removal proceedings. *Id.*

As in *Rios-Valenzuela*, section 1503(a)(1) bars jurisdiction for Plaintiff's claim because the issue of her status arose in connection with removal proceedings, even though the removal proceedings are now terminated. *Id.*; *Said*, 87 F. Supp. 2d at 943. Plaintiff filed her Form N-600 while removal proceedings were still pending. *See* Exhibits A-B. The issue of Plaintiff's citizenship did not find its genesis outside the context of removal proceedings. Rather, Plaintiff's claim arose, at the least, in connection with removal proceedings. The Immigration Judge's termination of removal proceedings in Plaintiff's favor does not exempt her from the statute's preclusion of claims arising "by reason of, or in connection with" removal proceedings. *Rios-Valenzuela*, 56 F.3d at 399. Context is paramount, not simply timing. *Id.*; *Said*, 87 F. Supp. 2d at 941. Because the issue of Plaintiff's status arose out of and in connection with her removal proceedings, her claim is barred. *Id.*; *see also Forbes v. I.N.S.*, 2001 WL 869646 (N.D.

---

> plaintiff's citizenship actually arose well before the commencement of the 1999 removal proceedings as demonstrated by plaintiff's argument that his citizenship status was fully litigated and determined in his favor by an Immigration Judge ruling in 1989. . ." Finally, the *Said* court's analysis is more consistent with the statute's structure and text.

*Rios-Valenzuela*, 56 F.3d at 399 n. 8.

[5] The court conceded that a straight forward reading of the statute appeared to leave Rios in limbo, victorious in the removal action against him, yet unable to obtain judicial review of his claim of citizenship through review of the executive's denial of his N-600 application. *Rios-Valenzuela*, 56 F.3d at 399. However, the court noted that doctrinally, the judiciary is not permitted to impose upon a statute an interpretation that does violence to its plain language. *Id.* at 400. The court went on to qualify its holding by acknowledging that Rios could obtain judicial review at "some future time." *Id.* at 399. Thus, once removal proceedings have run their full course and terminated, any future citizenship claim would not arise in removal proceedings. *Id.*; *see also Said*, 87 F.Supp.2d at 943 ("When and if plaintiff is at some future time denied a right or privilege of a United States national by a department, agency, or official of the United States, she will be entitled to bring an action as authorized."). This narrow reading is consistent with the concern that the federal courts not be used as tools to frustrate and interfere with removal proceedings.

Tex. 2001) (no basis for jurisdiction because claim of citizenship was asserted during removal proceedings); *Duran v. Reno*, 1998 WL 54611 (S.D.N.Y. 1998), *summarily aff'd*, 165 F.3d 13 (2d Cir. 1998) (plaintiff could not rely on 8 U.S.C. § 1503(a) because his claims of citizenship arose while deportation proceedings were pending against him).

### IV. THERE IS NO OTHER SOURCE OF JURISDICTION FOR PLAINTIFF'S CLAIM.

Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942 (7th Cir. 2003). Congress delineated the jurisdiction of the federal courts as to claims of citizenship in section 1503(a). *See Nguyen v. I.N.S.*, 533 U.S. 53, 73-74 (Scalia, J., concurring) (courts lack power to confer citizenship on basis other than prescribed by Congress). Jurisdiction as to claims of citizenship is barred in federal district court when the issue of citizenship arose by reason of, or in connection with any removal proceedings. 8 U.S.C. § 1503(a)(1). Plaintiff raised the issue of her citizenship as a defense at her removal proceedings. Plaintiff cannot now circumvent section 1503(a)(1) by claiming her removal proceedings have terminated. Whether or not removal proceedings are terminated is not the question. The question is, how did Plaintiff's claim of citizenship first arise? Here, it is beyond dispute that questions as to Plaintiff's citizenship arose after the initiation of removal proceedings. Accordingly, Plaintiff's claim of citizenship first arose in a removal context. As a result, this action is statutorily precluded. Since there is no other basis for jurisdiction in federal district court, this Court should dismiss the Complaint.

## CONCLUSION

Wherefore, for the reasons stated above, this Court lacks subject matter jurisdiction over this action, and Defendants respectfully request that this Court dismiss Plaintiff's Complaint.

Dated: June 20, 2008

                                          Respectfully submitted,

| | |
|---|---|
| PATRICK J. FITZGERALD<br>United States Attorney | GREGORY G. KATSAS<br>Acting Assistant Attorney General |
| SHEILA MCNULTY<br>Assistant U.S. Attorney<br>219 South Dearborn Street<br>Chicago, Illinois 60604<br>(312) 353-8788 | ELIZABETH J. STEVENS<br>Assistant Director, District Court Section<br><br>By: /s/ Sheila McNulty on behalf of<br>Christopher W. Dempsey<br>CHRISTOPHER W. DEMPSEY<br>Trial Attorney, District Court Section<br>U.S. Department of Justice, Civil Division<br>Office of Immigration Litigation<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 532-4110<br>(202) 305-7000 (fax)<br>Christopher.Dempsey@usdoj.gov |