# EXHIBIT A

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No:  A043 793 087

In the Matter of:

Respondent:  ORTEGA-Gaytan, Angie          Inmate Number  R36423     PRD   06/29/2002

C/O Decatur Correctional Center, 2310 East Mound Road, P.O. Box 3066, Decatur, IL 62524          (217) 877-0353

(Number, street, city, state and ZIP code)          (Area Code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☑ 3. You have been admitted to the United States, but are deportable for the reasons stated below:

*The Service alleges that you:*

1. You are not a citizen or national of the United States;
2. You are a native of  Mexico and a citizen of Mexico;
3. You were admitted to the United States at El Paso, Texas on or about January 6, 1993 as a conditional resident (CR-2);
4. On or about May 22, 1995, the conditions on your residence were removed and your status was adjusted to that of a lawful permanent resident as of January 6, 1993;
5. You were, on July 5, 2001, convicted in the Circuit Court at Cook County, Illinois for the offense of Robbery, in violation of Chapter 720, Act 5, Section 18-1(A) of the Illinois Compiled Statutes;
6. You were sentenced to a term of imprisonment of three (3) years.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(2)(C) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, in violation of any law, any weapon, part, or accessory which is a firearm or destructive device, as defined in Section 921(a) of Title 18, United States Code.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to  ☐ 8 CFR 208.30(f)(2)     ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

*To be scheduled and notice provided by the Office of the Immigration Judge. Notice will be mailed to the address provided by the respondent.*

on  to be set  at  to be set  to show why you should not be removed from the United States based

(Date)          (Time)

on the charge(s) set forth above.

Acting Assistant District Director, Investigations

(Signature and Title of Issuing Officer)

Date:  09/25/2001

Chicago, IL

(City and State)

**See reverse for important information**

Form I-862 (Rev. 4-1-97)

# EXHIBIT B

OMB NO. 1115-0018

**U.S. Department of Justice**
Immigration and Naturalization Service

**Application for**
**Certificate of Citizenship**

Take or mail this application to:
**IMMIGRATION AND NATURALIZATION SERVICE**

FEE STAMP

0028 001 002  04/12/02 15:12
N-600                        195.00

Date _____

*(Print or type)*  Angela Ortega _____  nee _____
(Full, True Name, without Abbreviations)                          (Maiden name, if any)

McHenry County Jail 2200 N. Seminary Ave.
(Apartment number, Street address, and if appropriate, "in care of")

Woodstock   United States   Illinois   60098
(City)        (Country)      (State)    (Zip Code)

(815) 334-4093
(Telephone Number)

**ALIEN REGISTRATION**
NO. 43-793-087

**(SEE INSTRUCTIONS. BE SURE YOU UNDERSTAND EACH QUESTION BEFORE YOU ANSWER IT.)**

I hereby apply to the Commissioner of Immigration and Naturalization for a certificate showing that I am a citizen of the Unite d States of America.

(1) I was born in Aguascalientes, Ags., Mexico _____ on ___8/21/81___
     (City) (State or Country)                                  (Month) (Day) (Year)

(2) My personal description is: Gender __F__ ; height _5_ feet _6_ inches;

Marital status: [✓] Single;  [ ] Married;  [ ] Divorced;  [ ] Widow(er).

(3) I arrived in the United States at _____See Addendum #1_____ on _See Addendum #1 1/6/93_
                                        (City and State)              (Month) (Day) (Year)

under the name Angie Gaytan _____ by means of _____
                                                        (Name of ship or other means of arrival)

[ ] on U. S. Passport No._____ issued to me at _____ on _____
                                                                              (Month) (Day) (Year)

[ ] on an Immigrant Visa.  [✓] Other (specify) Addendum #1 _____

---

**(4) FILL IN THIS BLOCK ONLY IF YOU ARRIVED IN THE UNITED STATES BEFORE JULY 1, 1924.**

(a) My last permanent foreign residence was _____
                                                    (City)                      (Country)

(b) I took the ship or other conveyance to the United States at _____
                                                                  (City)          (Country)

(c) I was coming to _____ at _____
                    (Name of person in the United States)   (City and State where this person was living)

(d) I traveled to the United States with _____
                                          (Names of passengers or relatives with whom you traveled, and their relationship to you, if any)

---

(5) Have you been out of the United States since you first arrived? [ ] Yes [ ] No; If "Yes," fill in the following information for every absence.

| DATE DEPARTED | DATE RETURNED | Name of airlines or other means used to return to the United States | Port of return to the United States |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(6) I _____ filed a petition for naturalization. *(If "have," attach full explanation.)*
      (have) (have not)

**TO THE APPLICANT. - Do not write between the double lines below. Continue on next page.**

| ARRIVAL RECORDS EXAMINED | ARRIVAL RECORD FOUND |
|---|---|
| Card index _____ | Place _____ Date _____ |
| Index books _____ | Name _____ |
| Manifest _____ | Manner _____ |
|  | Marital status _____ Age _____ |

(Signature of person making search)

Form N-600 (Rev. 10/11/00)Y

**(CONTINUE HERE)**

(7) I claim United States citizenship through my *(check whichever applicable)*  ☑ father;  ☐ mother;  ☐ both parents;

☐ adoptive parent(s);  ☐ husband

(8) My father's name is Alfredo Ortega _____ ; he was born on ____3/21/55____
                                                                            (Month)  (Day)  (Year)

at ___Deceased___ as of 7/7/99 ____ ; and resides at _____N/A_____
      (City)                    (State or Country)                              (Street address, city and State or country. If dead, write

"dead" and date of death.)   He became a citizen of the United States by ☑ birth; ☐ naturalization on ____N/A____
                                                                                          (Month)  (Day)  (Year)

in the _____N/A_____ _____ Certificate of Naturalization No. ____N/A____
            (Name of court, city and State)

☐ through his parent(s), and ____N/A____ issued Certificate of Citizenship No. A or AA ____N/A____
                                  (was) (was not)

(If known) His former Alien Registration No. was ____N/A____

He ___Has Not___ lost United States citizenship. *(If citizenship lost, attach full explanation.)*
      (has) (has not)

He resided in the United States from ___1955___ to ___1999___ ; from _____ to _____ ; from _____ to _____
                                          (Year)        (Year)              (Year)         (Year)              (Year)         (Year)

from _____ to _____ ; from _____ to _____ ; I am the child of his _____ marriage.
       (Year)       (Year)           (Year)       (Year)                                    (1st, 2d, 3d, etc.)

(9) My mother's present name is ___Guadalupe Gaytan de Hickey___ ; her maiden name was ___Guadalupe Esparza Gaytan___ ;

she was born on ___1/20/58___ ; at ___San Francisco de los Romos, Mexico___ ; she resides
                    (Month) (Day) (Year)         (City) (State or country)

at ___2600 W. Leland Chicago, Illinois 60625___ . She became a citizen of the
      (Street address, city, and State or country. If dead, write "dead" and date of death.)

United States by ☐ birth; ☐ naturalization under the name of _____N/A_____ ;

on _____ in the _____N/A_____ ;
      (Month) (Day) (Year)                (Name of court, city, and State)

Certificate of Naturalization No. ___N/A___ ; ☐ through her parent(s), and ___N/A___ issued Certificate of
                                                                              (was) (was not)

Citizenship No. A or AA ___N/A___ (If known) Her former Alien Registration No. was ___N/A___

She ___N/A___ lost United States citizenship. *(If citizenship lost, attach full explanation.)*
      (has) (has not)

She resided in the United States from _____ to _____ ; from _____ to _____ ; from _____ to _____ ;
                                          (Year)       (Year)           (Year)       (Year)           (Year)       (Year)

from _____ to _____ ; from _____ to _____ ; I am the child of her _____ marriage.
       (Year)       (Year)           (Year)       (Year)                                    (1st, 2d, 3d, etc.)

(10) My mother and my father were married to each other on ___12/80___ at ___Fort Worth, Texas USA___
                                                               (Month) (Day) (Year)         (City)    (State or country)

(11) If claim is through adoptive parent(s):

I was adopted on ___N/A___ in the _____
                    (Month) (Day) (Year)                (Name of Court)

at _____ by my _____ who were not United States citizens at that time.
      (City or town) (State) (Country)            (mother, father, parents)

(12) My ___N/A___ served in the Armed Forces of the United States from _____ to _____ and _____
          (father) (mother)                                               (Date)       (Date)            (was) (was not)

honorably discharged.

(13) I ___have not___ lost my United States citizenship. *(If citizenship lost, attach full explanation.)*
         (have) (have not)

(14) I submit the following documents with this application:

| *Nature of Document* | *Names of Persons Concerned* |
|---|---|
| See Addendum #2 | |
| | |
| | |
| | |
| | |
| | |

(15) Fill in this block if your brother, sister, mother or father ever applied to the INS for a certificate of citizenship.

| NAME OF RELATIVE | RELATIONSHIP | DATE OF BIRTH | WHEN APPLICATION SUBMITTED | CERTIFICATE NO. AND FILE NO., IF KNOWN, AND LOCATION OF OFFICE |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

(16) Fill in this block only if you are now or ever have been a married woman. I have been married _____ time(s), as follows:
(1, 2, 3 etc.)

| DATE MARRIED | NAME OF HUSBAND | CITIZENSHIP OF HUSBAND | IF MARRIAGE HAS BEEN TERMINATED: | |
|---|---|---|---|---|
| | | | Date Marriage Ended | How Marriage Ended (Death or Divorce) |
| | | | | |
| | | | | |

(17) Fill in this block only if you claim citizenship through a husband. *(Marriage must have occurred prior to September 22, 1922.)*
Name of citizen  husband _____ ; he was born on _____
(Give full and complete name)                                                              (Month) (Day) (Year)
at _____ ; and resides at _____ He became a citizen of the
(City) (State or country)                      (Street address, city, and State or country. If dead, write "dead" and date of death.)
United States by [ ] birth; [ ] naturalization on _____ in the _____ Certificate of
(Month) (Day) (Year)                          (Name of court, city, and state)
Naturalization No. _____ ; [ ] through his parent(s), and _____ issued Certificate of Citizenship No. A or AA
(was) (was not)
_____ . He _____ since lost United States citizenship. *(If citizenship lost, attach full explanation.)*
(has) (has not)
I am of the _____ race. Before my marriage to him, he was married _____ time(s), as follows:
(1, 2, 3, etc.)

| DATE MARRIED | NAME OF WIFE | IF MARRIAGE HAS BEEN TERMINATED: | |
|---|---|---|---|
| | | Date Marriage Ended | How Marriage Ended (Death or Divorce) |
| | | | |
| | | | |

(18) Fill in this block only if you claim citizenship through your stepfather. *(Applicable only if mother married U. S. Citizen prior to September 22, 1922.)*
The full name of my stepfather is _____ ; he was born on _____ at _____ ;
(Month) (Day) (Year)          (City) (State or country)
and resides at _____ He became a citizen of the United States by [ ] birth;
(Street address, city, and State or country. If dead, write "dead" and date of death.)
[ ] naturalization on _____ in the _____ Certificate of Naturalization No. _____ ;
(Month) (Day) (Year)          (Name of court, City and State)
[ ] through  his parent(s), and _____ issued Certificate of Citizenship No. A or AA _____ He _____ since lost United
(was) (was not)                                                                                      (has) (has not)
States citizenship. *(If citizenship lost, attach full explanation.)* He and my mother were married to each other on _____ at _____
(Month) (Day) (Year)   (City and State or
My mother is of the _____ race. She _____ issued Certificate of Citizenship No. A _____
country)                                         (was) (was not)
Before marrying  my mother, my stepfather was married _____ time(s), as follows:
(1, 2, 3, etc.)

| DATE MARRIED | NAME OF WIFE | IF MARRIAGE HAS BEEN TERMINATED: | |
|---|---|---|---|
| | | Date Marriage Ended | How Marriage Ended (Death or Divorce) |
| | | | |
| | | | |

(19) I _____ previously applied for a certificate of citizenship on _____ , at _____
(have) (have not)                                                              (Date)                                              (Office)

| (20) Signature of person preparing form, if other than applicant. I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have an y knowledge. | |
|---|---|
| SIGNATURE *Anne Eliax* | (SIGN HERE) X _Marie Ortega_ |
| ADDRESS: 208 S.LaSalle, Chicago,IL    DATE 3/15/02 | (Signature of applicant or parent or guardian) |

Form N-600 (Rev. 10/11/00)Y Page 3

# EXHIBIT C



**U.S. Department of Justice**
Immigration and Naturalization Service

**A043 793 087**

*539 South LaSalle*
*Chicago, Illinois 60605*

**APR 2 4 2002**

Angie Ortega-Gaytan
    Anne Relias, Attorney at Law
    TIA/Chicago Connections
    208 S. LaSalle St., Ste. 1818
    Chicago, IL 60659

## DECISION

Upon consideration, it is ordered that your Application for Certificate of Citizenship (N-600) be denied for the following reasons:

### SEE ATTACHED

If you desire to appeal this decision, you may do so. Your notice of appeal must be filed within 30 days from the date of this notice, (33 days, if this notice was received by mail). If no appeal is filed within the time allowed, this decision is final. An Appeal in your case may be made to:

Commissioner on the enclosed Form I-290B. (A fee is $110.00 is required)

If an appeal is desired, the Notice of Appeal shall be executed and filed with the District Office at 10 W. Jackson Blvd., Chicago, IL 60604, second floor, Mon.-Thurs., 7:30 AM – 2:00 PM, together with the required fee. A brief or other written statement in support of your appeal may be submitted with the Notice of Appeal.

Any questions which you may have will be answered by the local immigration office nearest your residence or at the address in the heading of this letter.

Sincerely,

Brian R. Perryman
District Director

Enclosure(s) Form I-290B

Page 2
A043 793 087

The instant application, Form N-600, requesting issuance of a Certificate of United States Citizenship, pursuant to the provisions of Section 341 of the Immigration and Nationality Act ("Act"), as amended, was submitted to this office on April 12, 2002, claiming United States citizenship through your father by virtue of section 301(g) of the Act. The application will be denied.

Title 8, Code of Federal regulations Section 341 states in pertinent part (8 CFR 341.1): "An application for a certificate of citizenship by or in behalf of a person who claims to have acquired derived United States citizenship as specified in section 341 of the Act shall be submitted on Form N-600 in accordance with the instructions thereon. The application shall be supported by documentary and other evidence essential to establish the claimed citizenship..."Part 341.2(c) states in pertinent part: **"The burden of proof shall be upon the claimant, or his parent or guardian if one is acting on his behalf, to establish the claimed citizenship by a preponderance of the evidence."** Part 341.2(a) states in pertinent part: "An application received at a Service office having jurisdiction over the applicant's residence may be processed without interview if the Service office adjudicating the case has in the Service administrative file(s) all the required documentation necessary to establish the applicant's eligibility for U.S. citizenship, ... (Emphasis Added).

In order to qualify for derivative citizenship, the applicant must meet the requirements of section 101(c)(1) of the INA:

(c) As used in title III---
(1) The term "child" means an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, and, except as otherwise provided in sections 320, and 321 of title III, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of sixteen years, and the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption."

A review of the record shows that only your father, Alfredo Ortega, was a United States citizen. The death certificate submitted with your application indicates that he died on July 7, 1999. Your birth certificate, which shows that you were born on August 29, 1981, in Aguascalientes, Mexico, does not indicate your father's name or your paternal grandparents. It is noted that on your sister's birth certificate your father's name also does not appear. Your attorney of record states in a letter dated April 12, 2002, and declarations were enclosed, stating that your parents were living together in Texas and considered themselves "informally" married and had two children together. The declaration by your mother, Guadalupe Gaytan Hickey, states that "Alfredo and I were

Page 3
A43 793 087

together, as husband and wife, from 1979 until 1992". Service records indicate that your mother married David W. Hickey on January 31, 1992. The record shows that you and your mother were beneficiaries of relative visa petitions filed by Mr. Hickey as the step-child and spouse of a United States citizen, respectively, on July 1,1992. In response to question 18 on your application for immigrant visa submitted to the American Consulate in Ciudad Juarez, Mexico, the name of your father is stated as **"unknown"**. You and your mother were admitted to the United States as lawful permanent residents, CR-1 and CR-2, on January 6, 1993.

Your N-600 application was also reviewed for possible eligibility under section 309 of the Act.

Section 309 of the Act states in part:

(a) The provisions of paragraphs (c), (d), (e), and (g) of section 301, and of paragraph (2) of section 308, shall apply as of the date of birth to a person born out of wedlock if—

    (1) a blood relationship between the person and the father is established by clear and convincing evidence,

    (2) the father had the nationality of the United States at the time of the person's birth,

    (3) the father (unless deceased) has agreed in writing to provide financial support for the person until the person reaches the age of 18 years, and

    (4) while the person is under the age of 18 years—

        (A) the person is legitimated under the law of the person's residence or domicile,
        (B) the father acknowledges paternity of the person in writing under oath, or
        (C) the paternity of the person is established by adjudication of a competent court.

The record does not show compliance with the requirements of Section 309 of the Act. In order to derive United States citizenship through your father, you must have met the requirements of Section 101(c)(1) of the Act. Therefore, your application for certificate of citizenship is denied.

This decision is made without prejudice to your filing an application for naturalization under Section 316 of the Act in your own behalf, anytime hereafter.

# EXHIBIT D

*Kostich*

**U.S. Department of Justice**
Immigration and Naturalization Service

Notice of appeal to the
Administrative Appeals Unit (AAU)



| | **Important: See instructions on other side.** | *Fee Stamp* |
|---|---|---|

0710 001 001  05/07/02  7:53
I-290B                            119.00

In the Matter of:

Angie Ortega

File Number:

A 43-793-087

---

1. I am filing an appeal from the decision dated:

April 24, 2002

---

**Person Filing Appeal**

SIGNATURE  *Anne Relias*

Name  Anne Relias

Address  MIHRC  208 S. LaSalle Ste 1818
                    *Number*                      *Street*

Chicago,  IL  60604
     *City*              *State*        *ZIP Code*

Date  5/6/02

☑  I am an attorney or representative, and I
represent:

Angie Ortega
*Person and/or organization for whom you are appearing*

**You must attach a Notice of Entry of Appearance
(Form G-28) if you are an attorney or representative
and did not submit such a form before.**

---

2. Please check the one block which applies:

☐  I am not submitting a separate brief or evidence.

☑  I am submitting a separate brief and/or evidence
with this form.

☐  I am sending a brief and/or evidence to the AAU
within 30 days

☐  I need _____ days to submit a brief and/or
evidence to the AAU.  *(May be granted only for
good cause shown. Explain in a separate letter.)*

---

3. Briefly, state the reason(s) for this appeal:

See Attached

RECEIVED INS–DC
CHICAGO, IL.
2002 MAY -9 P 4:16

---

Form I290B(Rev. 01/04/91)N

N600  AAO-03-053-50034
I290B  AAO-03-053-50058

# EXHIBIT E

**IMMIGRATION COURT**
55 E. Monroe Street, Suite 1900
Chicago, Illinois 60603

In the Matter of: _ANGIE ORTEGA- GAYTAN_                    Case A# _43-793-087_

**Respondent**                                                    **IN REMOVAL PROCEEDINGS**

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _MAY 7, 2002_.
This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopned, the oral decision will become the official opinion in the case.

[ ]   The respondent was ordered removed from the United States to_____.
[ ]   Respondent's application for voluntary departure was denied and respondent was ordered removed
      to_____ alternative to _____.
      Respondent's application for voluntary departure was granted until _____ upon posting
      a bond in the amount of $_____ with an alternate order of removal to _____.
      Respondent's application for asylum was      ( ) granted    ( ) denied    ( ) withdrawn.
      Respondent's application for withholding of removal was ( ) granted  ( ) denied  ( ) withdrawn.
      Respondent's application for cancellation of removal under Section 240A(a) was ( ) granted
      ( ) denied   ( ) withdrawn.
[ ]   Respondent's application for cancellation of removal under Section 240A(b) was    ( ) granted
      ( ) denied   ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate
      documents necessary to give effect to this order.
[ ]   Respondent's application for a waiver under Section _____ of the INA was    ( ) granted
      ( ) denied   ( ) withdrawn   ( ) other.
[ ]   Respondent's application for adjustment of status under Section _____ of the INA was
      ( ) granted ( ) denied ( ) withdrawn. If granted, it was ordered that respondent be issued
      all appropriate documents necessary to give effect to this order.
[ ]   Respondent's status was rescinded under Section 246.
[ ]   Respondent is admitted to the United States as a _____ until
      _____.
[ ]   As a condition of admission, respondent is to post a $_____ bond.
[ ]   Respondent knowingly filed a frivolous asylum application after proper notice.
[ ]   Respondent was advised of the limitation on discretionary relief for failure to appear as ordered
      in the Immigration Judge's oral decision.
[x]   Proceedings were terminated.
[x]   Other: _RESPONDENT ESTABLISHED THAT SHE ACQUIRED U.S. CITRENSHIP_
      _THROUGH HER U.S.C. FATHER ALFREDO ORTEGA PURSUANT TO 301(g) OF THE INA._
      _____

ite: _5/7/02_
peal: [  ] WAIVED [x] RESERVED
':  [ ] Respondent [x] INS [ ] Both
      Appeal due date: _JUNE 6, 2002_

                                                            _[signature]_
                                                            **Immigration Judge**

# EXHIBIT F



**U.S. Department of Justice**

Immigration and Naturalization Service

---

OFFICE OF ADMINISTRATIVE APPEALS
*425 Eye Street N.W.*
*ULLB, 3rd Floor*
*Washington, D.C. 20536*

ANGIE GAYTAN
MCHENRY COUNTY JAIL
2200 NORTH SEMINARY AVENUE
WOODSTOCK, IL 60098

FEB 28 2003

FILE: A43 793 087     Office: Chicago     Date:

IN RE:  Applicant:     ANGIE GAYTAN
                       aka ANGELA ORTEGA

APPLICATION:     Application for Certificate of Citizenship under Section 309 of the
                 Immigration and Nationality Act, 8 U.S.C. § 1409

IN BEHALF OF APPLICANT:     ANNE RELIAS
                            208 SOUTH LASALLE STREET, STE. 1818
                            CHICAGO, IL 60604

INSTRUCTIONS:

This is the decision in your case. All documents have been returned to the office that originally decided your case. Any further inquiry must be made to that office.

If you believe the law was inappropriately applied or the analysis used in reaching the decision was inconsistent with the information provided or with precedent decisions, you may file a motion to reconsider. Such a motion must state the reasons for reconsideration and be supported by any pertinent precedent decisions. Any motion to reconsider must be filed within 30 days of the decision that the motion seeks to reconsider, as required under 8 C.F.R. § 103.5(a)(1)(i).

If you have new or additional information that you wish to have considered, you may file a motion to reopen. Such a motion must state the new facts to be proved at the reopened proceeding and be supported by affidavits or other documentary evidence. Any motion to reopen must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and beyond the control of the applicant or petitioner. *Id.*

Any motion must be filed with the office that originally decided your case along with a fee of $110 as required under 8 C.F.R. § 103.7.

Robert P. Wiemann, Director
Administrative Appeals Office

**DISCUSSION:** The application was denied by the District Director, Chicago, Illinois, and is now before the Administrative Appeals Office (AAO) on appeal. The appeal will be dismissed.

The applicant was born in Mexico on August 21, 1981. The applicant's father is not listed on her birth certificate. The applicant alleges that her father is Alfredo Ortega, who was born in the United States in March 1955 and died in July 1999. The applicant's mother, Maria Gaytan, was born in Mexico in January 1958 and never had a claim to U.S. citizenship. The applicant's parents never married each other. The applicant's mother married David Hickey in 1992, and the applicant and her mother were lawfully admitted for permanent residence in January 1993.

The district director noted that the applicant claimed U.S. citizenship through her father under section 301(g) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1401. The district director determined the applicant had failed to meet the requirements of section 101(c)(1) of the Act, 8 U.S.C. § 1101(c)(1), regarding the definition of the term "child." The district director also reviewed the application under section 309 of the Act, 8 U.S.C. § 1409. The district director determined that the applicant had failed to meet those requirements and denied the application accordingly.

On appeal, counsel states that the applicant meets the requirements of section 101(c)(1) of the Act as she was legitimated. Counsel asserts that Alfredo Ortega and the applicant's mother lived together as man and wife in Texas from 1979 until 1992, and the State of Texas recognizes common law marriages. *See Matter of Garcia*, 16 I&N Dec. 623 (BIA 1978). Counsel, states, as such, the applicant was a legitimate offspring of that marriage.

In *Matter of Garcia*, the birth certificates of the U.S. citizen's five children listed the name of the purported common-law husband as father. In the present matter the purported common-law husband is not listed as the father.

The record contains a statement from the applicant's mother in which she asserts that she met Alfredo Ortega in 1979 and they eventually lived together in Chicago in 1979. She and Alfredo decided to move to Texas for a while and they lived in Fort Worth. The applicant's mother made an emergency trip to Mexico when she was eight months pregnant, presumably in July 1981, and the applicant was born there in August 1981. After the applicant and her mother returned to Texas for one month, the three of them returned to Chicago (presumably in September or October 1981). The applicant's sister, Sharon, was born in Chicago in 1983. The applicant's mother states that she and Alfredo lived together from 1979 to 1992, one year of that time being in Texas. The applicant's grandmother states that the applicant's mother and Alfredo lived together from 1979 until 1991.

Section 101(c) of the Act defines the term "child" as used in title III to mean an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere...if such legitimation...takes place before the child reaches the age of sixteen years, and the child is in the legal custody of the legitimating parent at the time of such legitimation....

Section 301(g) of the Act in effect prior to November 14, 1986, provides, in pertinent part, that a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods <u>totaling</u> not less than 10 years, at least 5 of which were after attaining the age 14 years, shall be nationals and citizens of the United States at birth. Alfredo satisfied the physical presence requirements.

The question to be resolved is whether Alfredo and the applicant's mother were living in a common-law marriage in Texas when they allegedly lived in Texas for a period of less than two years and in Illinois during the rest of their relationship.

In *Matter of Garica*, the Board of Immigration Appeals (the Board) listed the requirements under the Texas Family Code, Section 1.91(b), to establish a common-law marriage. They include: (1) an agreement by the parties to be married, (2) living together in Texas after the agreement is made, and (3) representation to others by the parties that they are married.

The Board also held in *Matter of Alvarez-Quintana*, 14 I&N Dec. 255 (BIA 1973), that for recognition in Texas of a common-law marriage, the parties to which are nondomiciliaries of the State, the parties must enter into a new agreement in the State to consider themselves as man and wife. A temporary sojourn in Texas by the nondomiciliary parties to a common-law marriage does not result in the recognition in that State of the common-law marriage, where such a visit was without the intention of acquiring residence in Texas.

The only evidence that Alfredo and the applicant's mother ever resided in Texas is contained in three affidavits; one from the applicant's grandmother who has been residing in Chicago since at least 1955, one from the applicant's mother, and one from Alfredo's cousin who states that she was a teenager when Alfredo and the applicant's mother lived in Texas for a couple of years. No dates are mentioned in that statement. All other documentation, including school records, are from the Chicago area. None of the affidavits are corroborated by supporting evidence that Alfredo and the applicant's mother were actually in Texas or, if so, that they intended to acquire residence in Texas.

Case 1:08-cv-01121   Document 11-2   Filed 06/20/2008   Page 19 of 20

Further, a common-law marriage is terminated by a divorce. The applicant's mother married David Hickey and became the beneficiary of an immigrant visa petition filed by him. The applicant indicated on her immigrant visa application that her father was unknown. The mother's immigrant visa file is not present for review to see if her alleged common law marriage had been terminated as referenced in *Matter of Garcia, supra.* The applicant has failed to establish that she acquired U.S, citizenship at birth as the legitimate child of a U.S. citizen.

Section 309(a) of the Act was amended by Pub. L. 99-653 and was effective as of the date of enactment, November 14, 1986. The old section 309(a) shall apply to any individual who has attained 18 years of age as of the date of the enactment of this Act.   The applicant was 5 years old in November 1986, therefore, the present section 309 of the Act applies.

Section 309 of the Act provides, in part, that:

> (a) The provisions of paragraphs (c), (d), (e), and (g) of section 301, and paragraph (2) of section 308, shall apply as of the date of birth to a person born out of wedlock if-
>
>> (1) a blood relationship between the person and the father is established by clear and convincing evidence,
>>
>> (2) the father had the nationality of the United States at the time of the person's birth,
>>
>> (3) the father (unless deceased) has agreed in writing to provide financial support for the person until the person reaches the age of 18 years, and
>>
>> (4) while the person is under the age of 18 years-
>>
>>> (A) the person is legitimated under the law of the person's residence or domicile,
>>>
>>> (B) the father acknowledges paternity of the person in writing under oath, or
>>>
>>> (C) the paternity of the person is established by adjudication of a competent court.

Section 13.21 of the Texas Family Code provides in part that:

A43 793 087

(a) If a statement of paternity has been executed by the father of an illegitimate child, the father...may file a petition for a decree designating the father as a parent of the child. The statement of paternity must be attached to the petition.

(b) The court shall enter a decree designating the child as the legitimate child of its father and the father as a parent of the child if the court finds that:

> (1) the parent-child relationship between the child and its original mother has not been terminated be a decree of a court;

> (2) the statement of paternity was executed as provided in this chapter, and the facts stated therein are true; and

> (3) the mother or the managing conservator, if any, has consented to the decree.

The record fails to contain a court decree resulting from an action taken by the applicant's father under section 13.21 of the Texas Family Code to establish the applicant was legitimated as alleged.

Pursuant to 8 C.F.R. § 341.2(c), the burden of proof shall be upon the claimant, or his parent or guardian if one is acting in his behalf, to establish the claimed citizenship by a preponderance of the evidence. The applicant in this matter has not met that burden. Accordingly, the appeal will be dismissed.

Should this matter appear before the AAO again, it must be accompanied by the Service file of the applicant's mother, Guadalupe Gaytan de Hickey, nee Guadalupe Gaytan Esparza.

**ORDER:** The appeal is dismissed.

02/28/03/AAORDB01/G/43793087,.ctz