IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGIE ORTEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.  08 C 1121 |
| | ) | |
| MICHAEL B. MUKASEY, Attorney General | ) | |
| of the United States, and EMILIO T. GONZALEZ, | ) | |
| as Director of the Bureau of U.S. Citizenship | ) | |
| and Immigration Services, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO GOVERNMENT'S
## MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants (the "Government") have moved to dismiss this case on the ground that this

Court lacks subject matter jurisdiction to review the Government's denial of Plaintiff's petition

for a declaration of citizenship.  Under the Government's view of section 360(a) of the

Immigration and Nationality Act, 8 U.S.C. § 1503(a), Plaintiff is not entitled to any judicial

review of the question of whether she is a citizen of the United States because that issue first

arose in a removal proceeding instituted against her in 2001.

The problem with the Government's argument is that Plaintiff is not seeking review of

the Immigration Judge's ruling in the removal proceeding.  That decision, after all, found after a

full hearing on the merits that Plaintiff cannot be removed from the United States **because she is**

**a U.S. citizen.**  Rather, Plaintiff is seeking judicial review of the Government's summary denial

of her independent claim for citizenship that was initiated by the filing of a N-600, Application

for Certificate of Citizenship, in April, 2002. Despite being apprised of the Immigration Judge's

finding that Plaintiff is a U.S. citizen, the Government has refused to reverse its position that

Plaintiff is not a citizen, leaving her only one avenue, this case, to challenge that final administrative decision.

As discussed below, denying Plaintiff her right to judicial review of the Government's denial of her N-600 Application is based on an erroneous reading of the language and purpose of 8 U.S.C. § 1503(a), would run contrary to a caselaw guaranteeing petitioners the right to challenge a denial of citizenship rights in a court of law, and, if correct, amounts to an unconstitutional deprivation of Plaintiff's constitutional rights. This Court has jurisdiction to hear this case under either 8 U.S.C. § 1503(a) or under its general powers to address violations of the U.S. Constitution by the Government and should exercise that jurisdiction in this case.

## BACKGROUND

Plaintiff does not disagree with the factual and procedural background set forth in the Government's Memorandum of Law in Support of Motion to Dismiss ("Mem."). It is worth noting, however, that (1) Plaintiff's U.S. citizenship at issue in this case did not arise by reason of, or in connection with, her removal proceeding but rather out of the Government's denial of her N-600 Application, a separate administrative proceeding instituted outside of any removal proceedings, (2) Plaintiff's N-600 Application was denied without providing Plaintiff with an interview or hearing (Complaint, Para. 12) while the Immigration Judge who ruled in Plaintiff's favor on the issue of citizenship held a hearing on the issue, and (3) more than five years have now passed since the termination of Plaintiff's removal proceeding and the final administrative denial of Plaintiff's N-600 Application. These three important facts dictate that this Court exercise jurisdiction over this case.

## ARGUMENT

I.  **The Issue of Plaintiff's U.S. Citizenship Arose By Reason of the Government's Denial of Her N-600 Application, Not Her Removal Proceeding.**

The Government argues that Plaintiff's case is barred under the "plain language" of Section 1503(a)(1) because it "first arose" in her removal proceeding. (Mem., pp. 2-3.) In support of this argument, the Government points out that Plaintiff's removal proceeding began in September, 2001 and therefore were "pending at the time she initially filed the application for citizenship at issue in this case." (Mem., pp. 2-3.)

There are three fatal flaws in this argument. First, despite the Government's emphasis on the "plain language of the statute," its argument is premised on a word that is found nowhere in it. Section 1503(a)(1) provides:

> **Proceedings for declaration of United States nationality**. If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, such person may institute an action under the provisions of section 2201 of title 28, United States Code, against the head of such department or independent agency of a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this or any other act . . .

8 U.S.C. 1503(a)(1). As even a cursory review of this provision reveals, Section 1503(a) does not use the word "first" or specify that this Court lacks jurisdiction over citizenship claims that are made "after" the initiation of removal proceedings. The plain language of the statute, therefore, does not support the Government's argument that Plaintiff may not seek judicial review of the denial of her citizenship petition simply because her removal proceeding was commenced prior to the filing of her N-600 Application. The Government seems to concede this

fact when it states in its brief that "it is the context of how the particular issue of citizenship arose rather than the mere timing of events that determine the applicability of Section 1503(a)(1)." (Mem., p. 5, *citing, Rios-Valenzuela v. Dep. of Homeland Security*, 506 F.3d 393, 396 (5th Cir. 2007). Here, it is undisputed that the "context" of Plaintiff's citizenship claim is a an unfavorable, final administrative decision by the Immigration Service, not an adverse ruling on that issue in her removal proceedings.

Second, while the Government emphasizes when Plaintiff's removal proceeding began (September 25, 2001), it does not specify when the issue of Plaintiff's citizenship first arose in that proceeding. That is because the issue of Plaintiff's citizenship first arose in the removal proceeding on April 22, 2002, ten days after Plaintiff filed her N-600 Application. See Exhibit A hereto, Memorandum in Support of Petitioner's Release from INS Custody, dated April 22, 2002. Thus, even accepting, for the purposes of argument, the Government's contention that Section 1503(a)(1) bars judicial review of citizenship claims where that issue "first arose in a removal proceeding," this case does not fall within that exception because Plaintiff first sought a declaration of her U.S. citizenship when she filed her N-600 Application on April 12, 2002 before the issue first arose in her removal proceedings.

Third, the only case cited by the Government dealing with a situation similar to Plaintiff's found that the petitioner's claim was not barred because it first arose in a removal proceeding where an Immigration Judge ruled in the petitioner's favor after a hearing on the merits. *See North v. Rooney*, 2003 WL 21432590, *4 (D.N.J. 2003) (Mem., p. 5, n. 4.). In *Rooney*, the Court held that Section 1503(a)(1) did not bar the petitioner's claim to citizenship even though it was brought as a civil action appealing an administrative denial of an N-600 Application following the commencement of a removal proceeding. The Court reasoned that it

had subject matter jurisdiction to review the Government's denial of the petitioner's N-600

application because the issue of his citizenship status "was fully litigated and determined in

[petitioner's] favor by an Immigration Judge" and the removal proceeding had been

"administratively terminated." *Id.* at *4.

As in *Rooney*, Plaintiff's claim to citizenship has been fully litigated and adjudicated in

her favor by an Immigration Judge in a now-terminated removal proceeding. It simply does not

matter, under the plain language of Section 1503(a)(1), whether that decision pre- or post-dated

the filing and/or final administrative denial of her N-600 Application. As long as Plaintiff is

appealing the denial of a citizenship petition that was filed outside a removal proceeding, has

exhausted her administrative appeals, and files suit in a timely fashion, she should be permitted

to pursue her citizenship claim in a court of law.

## II.    The Fifth Circuit's Decision in *Rios-Valenzuela* is Distinguishable and Wrongly Decided.

The Government relies principally on the Fifth Circuit's decision in *Rios-Valenzuela* in

support of its Motion to Dismiss. *Rios-Valenzuela* is distinguishable from this case. While the

Immigration Judge terminated Plaintiff's removal proceeding after a full hearing and ruling on

the merits of Plaintiff's citizenship claim, the Immigration Judge in *Rios-Valenzuela* terminated

the removal proceedings without prejudice before reaching a final decision on the petitioner's

status. 506 F.3d at 396. Accordingly, unlike Plaintiff who obtained a final, non-appealable order

in her removal proceeding on the issue of citizenship, the petitioner in *Rios-Valenzuela* did not

obtain a definitive ruling on that issue from an Immigration Judge. In fact, by the time of the 5th

Circuit's decision in *Rios-Valenzuela*, there was a pending removal proceeding where petitioner

had raised his U.S. citizenship as a defense. *Id.*    The petitioner, unlike Plaintiff here, therefore

still had an opportunity (albeit in a removal proceeding) to litigate his claim for citizenship and,

if unsuccessful at the administrative level, would have been entitled to file an action in federal circuit court under 8 U.S.C. § 1252(b) seeking judicial review of that decision. Because Plaintiff already has two final administrative rulings on the issue of her citizenship, there is no possibility of judicial review of those decisions other than this case.

Plaintiff also respectfully submits that *Rios-Valenzuela* and its progeny are wrongly decided and should not be followed by this Court. The holding of the case -- that district courts lack jurisdiction to review administrative denials of citizenship petitions regardless of whether the issue of a person's citizenship was decided in the person's favor in a terminated removal proceeding – belies the legislative intent behind and language of Section 1503(a). Congress' intent in passing Section 1503(a) was to prevent persons in deportation (now removal) proceedings from pursuing their citizenship claims directly in district court via a declaratory judgment action rather than exhausting their administrative remedies and taking an appeal to the circuit courts. *Duran v. Reno*, 1998 WL 54611, *3 (S.D.N.Y. 1998). The intent was not to close the courthouse door to petitioners like Plaintiff who have no further administrative remedies to exhaust and to bar them from seeking any judicial review of the denial of their claims to citizenship.

Since nearly every removal proceeding will touch on whether the petitioner is a U.S. citizen and therefore protected from removal from the country, Congress would have utilized language in Section 1503(a) or elsewhere barring anyone placed in removal proceedings from filing N-600 Applications in the first place if that was its intent. Plaintiff respectfully submits that Congress chose not to do that because of cases like Plaintiff's where a petitioner successfully proves her status as a U.S. citizen to an Immigration Judge but the judge is without the requisite authority to issue a certificate of citizenship. Permitting the filing of a N-600

Application and a follow-on, declaratory judgment case under Section 1503(a) after exhausting all administrative appeals allow petitioners like Plaintiff the opportunity to translate a favorable ruling in the removal proceeding to a grant of U.S. citizenship by a federal district court without undermining Congress' desire to avoid end-run's around Immigration Judges and the administrative appeals process.

III.    **Plaintiff's Interpretation of Section 1503(a)(1) Is Reasonable and Allows the Statute to Pass Constitutional Muster.**

Plaintiff's construction of Section 1503(a)(1) would allow judicial review of citizenship claims where there is an administrative denial of an N-600 Application that is at odds with an Immigration Judge's final ruling on that same issue in a terminated removal proceeding. This interpretation of the statute is consistent with the plain language of the statute and does not undermine Congress' concern in adopting Section 1503(a) in the first place to discourage petitioners from trying to end-run the administrative appeal process. Here, Plaintiff has exhausted all of her administrative appeals and is in need of some judicial forum to finally adjudicate her claim to citizenship since her removal proceeding was terminated years ago. Allowing her to pursue her claim to citizenship in this Court will not encourage persons who are or have been in removal proceedings to file declaratory judgment actions in district courts before fully exhausting available administrative remedies.

IV.    **The Government's Interpretation of Section 1503(a) Would Permanently Bar Plaintiff From Judicial Review of Her Citizenship Claim.**

In contrast, the Government's interpretation of Section 1503(a) affords no opportunity for Plaintiff, or similarly situated petitioners, to obtain judicial review of the denial of citizenship claims by the Government. A petitioner who is foreclosed from judicial review of her claim to citizenship faces a deprivation of constitutional rights unless she has some other form of relief.

7

*Miechkota v. Chertoff*, 2008 WL 686854, *5 (D. N.D. March 10, 2008), *citing Iasu v. Smith*, 511
F.3d 881, 891 (9th Cir. 2007).

Here, unlike the petitioner in *Miechkota*, Plaintiff has no means of re-opening her prior
removal proceeding because (1) she already has availed herself of such a motion and it was
denied (see Exhibits B and C hereto) and (2) the removal proceeding was terminated in her favor
without issuance of a final order of removal.  See 8 U.S.C. § 1229a (c)(6) and (7) (permitting one
motion to reopen and/or to reconsider only after issuance of a final order of removal where the
petitioner presents "new facts" that were not available for presentation to the Immigration
Judge).  *See also* 8 C.F.R. 1003.23(b).  In addition, there is no possibility that Plaintiff will again
find herself in removal proceedings because the Immigration Judge's ruling on the merits of
Plaintiff's claim to U.S. citizenship bars the Government from attempting to relitigate that issue
under *res judicata* principles.  *Medina v. INS*, 993 F.2d 499, 503 (5th Cir. 1993) (holding that *res
judicata* applies to immigration proceedings where a final judgment was reached on the merits of
the issue).  *See also Hamdan v. Gonzales*, 425 F.3d 1051, 1058-60 (7th Cir. 2005).

Moreover, the five-year statute of limitations governing Plaintiff's citizenship claim
means that she cannot file a future action in district court under Section 1503(a) challenging the
denial of her claim to citizenship.  In *Bensky v. Powell*, 391 F.3d 894 (7th Cir. 2004), the Seventh
Circuit held that a petitioner was barred from seeking judicial review of the denial of his petition
for citizenship because, although his petition was filed within five years of the denial of his N-
600 application, the limitations period began to run twenty years previously when a previous
claim to citizenship was denied by the State Department's Board of Appellate Review.  Since the
Government's final administrative denial of Plaintiff's claim to citizenship occurred on February

8

23, 2002, any subsequently filed N-600 would not restart the five-year statute of limitations set forth in Section 1503(a).

Accordingly, if the Government is correct in its interpretation of Section 1503(a), Plaintiff will have no means of challenging the Government's denial of her status as a U.S. citizen even though that decision was made without giving Plaintiff an opportunity to be interviewed or to present evidence at a hearing and even though an Immigration Judge decided the issue on the merits and found Plaintiff to be a U.S. citizen. Plaintiff respectfully submits that the Court should avoid that unconstitutional result by interpreting Section 1503(a) to allow jurisdiction in this case. *See e.g., William v. Gonzales*, 499 F.3d 329 (4th Cir. 2007) (holding that alien's right to judicial review of his claim for status trumped government regulation barring claim).

## IV.    The Court Should Interpret Section 1503(a) to be Unconstitutional.

Without official recognition of her status as a U.S. citizen, Plaintiff cannot be issued a passport, vote or do a myriad of things that only American citizens can do. That amounts to deprivation of two of the most basic constitutional rights, the right not to be stateless and the right to due process under law. *See Ng Fung Ho v. White*, 259 276, 284-85 (1922) (discussing Fifth Amendment protections afforded persons deprived of U.S. citizenship). This Court should not countenance such a result and, if necessary, should declare Section 1503(a) unconstitutional if it concludes that the Government's interpretation of the statute is correct.

In conclusion, the Court should deny Defendants' Motion to Dismiss and permit this case to proceed on the merits.

Respectfully submitted,

s/ James A. Morsch

Dated:    July 28, 2008

Plaintiff's Attorney

James A. Morsch (6209558)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602-4257
(312 ) 444-9660

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, a true and correct copy of the foregoing Plaintiff's Response to Government's Motion to Dismiss for Lack of Jurisdiction was served upon the persons to whom the Notice is addressed by electronic filing.

Patrick J. Fitzgerald
United States Attorney

Sheila McNulty
Assistant U.S. Attorney
United States Attorney's Office
219 South Dearborn Street, Suite 500
Chicago, IL 60604

Gregory G. Katsas
Acting Assistant Attorney General

Elizabeth J. Stevens
Assistant Director, District Court Section

Christopher W. Dempsey
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
450 5th St. NW
Washington, DC 20044

_____ s/ James A. Morsch _____

423881v1

11