

# CHICAGO CONNECTIONS
A HEARTLAND ALLIANCE PARTNER

April 22, 2002

Honorable Judge Cuevas
Executive Office for Immigration Review
55 East Monroe, Suite 1900
Chicago, Illinois 60603

**Re: Angie Ortega, A 43-793-087**

Dear Honorable Judge,

Enclosed is a motion in support of Respondent's release from INS Custody as she acquired citizenship at birth. Specifically, you requested that I submit caselaw which supports the fact that the INS, and the Board of Immigration Appeals acknowledge common law marriage in immigration benefit determination. I submit the following motion in response to this request.

Thank you for your immediate attention to this matter.

Sincerely,

Anne Relias
Staff Attorney
Midwest Immigrant and Human Rights Center
208 South LaSalle, Suite 1818
Chicago, Illinois 60604
T: (312) 660-1359
F: (312) 660-1505



*Providing paths from harm to hope through human services*
**Midwest Immigrant & Human Rights Center**
TIA/Chicago Connections, 208 South LaSalle Street, Suite 1818, Chicago, Illinois 60604
phone 312-660-1300   fax 312-660-1505   website: www.heartland-alliance.org



EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| Angie Ortega | ) | Honorable Judge Cuevas |
| | ) | |
| A43-793-087 | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PETITIONER'S RELEASE FROM INS CUSTODY

On April 18, 2002, the Immigration Judge invited Petitioner, through counsel, to submit legal authority that common law marriages are recognized for immigration purposes and continued the bond hearing for one week. The following is in support of Petitioner's acquisition of citizenship, and thus, her eligibility for release from INS custody on her own recognizance.

1. The Board of Immigration Appeals has consistently recognized common law marriages for purposes of immigration. Matter of Garcia, 16 I & N Dec. 623 (BIA 1978)(BIA affirmed District Director's finding that petitioner had entered into a common-law marriage previous to her present marriage); Matter of Alvarez-Quintana, 14 I & N Dec. 255 (BIA 1973)(held that a common law marriage in Texas had not been established and therefore Petitioner was not a citizen); Matter of Ferrante, 12 I & N Dec. 166 (BIA 1967)(BIA agreed that there was a preponderance of evidence that a common law marriage existed and therefore Petitioner was bigamous and not eligible for immigration benefit); Matter of Carrubba, 11 I & N Dec 914 (BIA 1966)(finding that common-law marriages are

1

recognized in the state of Ohio, which is the law applicable to the situation); <u>Matter of Megalogenis</u>, 10 I & N Dec. 609 (BIA 1964)(finding there is no separate federal law or policy governing marriages); <u>Matter of H-T-W</u>, 8 I & N Dec. 562 (BIA 1960)(finding that a couple were not married under common law according to New York Statute, and therefore eligible for relief); <u>Matter of V-S</u>, 7 I & N Dec. 306 (BIA 1956)(Petitioner failed to disclose that he married under the common law of the State of Texas established which made him excludable based on this misrepresentation); <u>Matter of A-E-</u> (4 I & N Dec. 405 (BIA 1951)(BIA affirmed that a common law marriage under the state of Texas was established and therefore Petitioner was eligible for immigration benefit); <u>Matter of C-</u>, 1 I & N Dec. 301 (BIA 1942)(finding that Petitioner's parents established common law marriage in Texas and therefore Petitioner was legitimate and did not acquire citizenship). "There is no separate federal law or policy governing marriages. As between the federal and state governments the power to control and regulate marriage is retained by the latter and is not vested in Congress except in the District of Columbia and the territories of the United States." <u>Matter of Megalogenis</u>, 10 I & N Dec. 609, 610 (BIA 1964).

2. The State of Texas recognizes common law marriages. In order to establish such a marriage there must be proof that the parties (1) entered into an agreement to become man and wife, (2) that such agreement was

followed by cohabitation as man and wife, and (3) that they held each other out publicly as their respective spouses. Matter of Garcia, 16 I & N Dec. 623 (BIA 1978); Matter of Alvarez-Quintana, 14 I & N Dec. 255, 256 (BIA 1973); Matter of C-, 1 I & N Dec. 301 (BIA 1942). The Respondent's parents Alfredo Ortega and Guadalupe Gaytan moved to Texas in 1980 to live with Alfredo Ortega's family at 924 E. Biddison Street in Ft. Worth, Texas. See Tabs 4, 6 and 8. Guadalupe was pregnant with Angie at the time. Id.

3. In Texas, agreement to marry need not be shown by direct evidence in order to establish common-law marriage, but may be implied or inferred from evidence that establishes elements of cohabitation and holding out to public as husband and wife. Collora v. Navarro, 574 S.W.2d 65 (Sup. 1978); Garduno v. Garduno 760 S S.W.2d 735 (App. 13 Dist. 1988); Till v. Till, 487 S.W.2d 210 (Civ. App. 1972). Declarations from Julia Ortega, the mother of Alfredo Ortega, Guadalupe Gaytan, the common law wife of Alfredo Ortega, and Alicia Castro, the niece of Alfredo Ortega, support the fact that they agreed to live as man and wife. See Tabs 4, 6 and 8.

4. In Flores Gonzalez v. Viuda de Gonzalez 466 S.W.2d 839 (Civ. App. 1971), the Texas Appellate Court held that facts that a couple lived together, held themselves out as husband and wife, and recognized and supported their child, were sufficient facts to raise the issue of marriage

and thus constituted pertinent evidence from which a jury could reasonably infer existence of an agreement to enter into common law marriage. Guadalupe and Alfredo Ortega lived together in Texas, held themselves out to be married and had two children together, Angie and Sharon. See Tabs 1 and 10.

5. Under Texas law, marriage (whether common law or formal) with recognition by the father are requirements for legitimation. Matter of A-E, 4 I & N Dec. 405, 408 (BIA 1951). Respondent was recognized by her father her entire life. See Tabs 4,6,8,11,12,13 and 14.

6. Therefore, Respondent is a United States citizen because at the time of her birth her parents were informally married under Texas common law, and therefore she was legitimately born. The Respondent's father, Alfredo Ortega, had been physically present in the United States for at least ten years, at least five of which were after the age of fourteen years. INA § 320. Therefore, Respondent acquired citizenship through her United States citizen father.

7. Under Matter of Joseph, Int. Dec. 3398 (BIA 1999), an Immigration Judge has jurisdiction to find that a person is eligible for bond, and is not properly included in the mandatory detention category if it substantially

4

unlikely that the Immigration and Naturalization Service will prevail on a charge of removability.

8. Here, it is substantially unlikely that the INS will prevail on its charge against Angie Ortega because she is a United States citizen and, therefore, outside the jurisdiction of this Court.

9. In the interest of justice and fairness the INS should not detain a United States citizen.

WHEREFORE, the Respondent, a United States citizen, requests that he be released from INS custody on his own recognizance as he is a United States citizen and has submitted sufficient evidence in support of his citizenship.

Respectfully Submitted,

*[signature]*
Anne G. Relias
Staff Attorney
Midwest Immigrant and Human Rights Center
208 South LaSalle, Suite 1800
Chicago, Illinois 60604
(312) 660-1359

CERTIFICATE OF SERVICE

I, Anne Relias, hereby certify that a copy of the foregoing motion and supporting documentation was served by hand-delivery on the Office of the District Counsel, Suite 1700, 55 E. Monroe, Chicago, IL 60603, this April 22, 2002.

*[signature]*
Anne Relias