| U.S. Department of Justice | Notice of appeal to the |
|---|---|
| Immigration and Naturalization Service | Administrative Appeals Unit (AAU) |

**Important: See instructions on other side.**

Fee Stamp

In the Matter of:

Angie Gaytan, aka Angela Ortega

File Number:

A 43-793-087

[RECEIVED APR 23 2003 U.S. I & N SERVICE CHICAGO, ILLINOIS CASH-CLERK stamp]

1. I am filing an appeal from the decision dated:

   February 28, 2003

2. Please check the one block which applies:

   ☐ I am not submitting a separate brief or evidence.

   ☒ I am submitting a (separate brief) and/or evidence with this form.

   ☒ I am sending a brief and/or (evidence) to the AAU within 30 days

   ☐ I need ____ days to submit a brief and/or evidence to the AAU. (May be granted only for good cause shown. Explain in a separate letter.)

**Person Filing Appeal**

SIGNATURE  *Anne Relias*

Name  Anne Relias

Address  208 S. LaSalle, Suite 1818
         Number                    Street

Chicago,        IL        60604
City            State     ZIP Code

Date  4/22/03

☒ I am an attorney or representative, and I represent:

*Angie Gaytan, aka Angela Ortega*
Person and/or organization for whom you are appearing

You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.

3. Briefly, state the reason(s) for this appeal:

   Please see attached (cover letter and brief/motion to reconsider and reopen).

[Receipt images: Corus Bank check No. B453947 for $110.00 dated 03/27/03, NON-NEGOTIABLE; and a cash register receipt dated 04/23/03 for ANGIE GAYTAN AKA ANGELA ORTEGA, A 43 793 087, I-290B, $110.00]

EXHIBIT B

**U.S. Department of Justice**
Immigration and Naturalization Service

Notice of appeal to the
Administrative Appeals Unit (AAU)

---

**Important: See instructions on other side.**

*Fee Stamp*

RECEIVED
APR 2 3 2003
U.S. I & N SERVICE
CHICAGO, ILLINOIS
CASH-CLERK

In the Matter of:

Angie Gaytan, aka Angela Ortega

File Number:

A 43-793-087

---

1. I am filing an appeal from the decision dated:

   February 28, 2003

**Person Filing Appeal**

SIGNATURE _Anne Relias_

Name  Anne Relias

Address  208 S. LaSalle, Suite 1818
         _Number_         _Street_

         Chicago, IL   60604
         _City_    _State_    _ZIP Code_

Date  4/22/03

☑ I am an attorney or representative, and I represent:

   Angie Gaytan, aka Angela Ortega
   _Person and/or organization for whom you are appearing_

You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.

2. Please check the one block which applies:

   ☐ I am not submitting a separate brief or evidence.

   ☒ I am submitting a (separate brief) and/or evidence with this form.

   ☒ I am sending a brief and/or (evidence) to the AAU within 30 days

   ☐ I need _____ days to submit a brief and/or evidence to the AAU. *(May be granted only for good cause shown. Explain in a separate letter.)*

---

3. Briefly, state the reason(s) for this appeal:

   Please see attached (cover letter and brief/motion to reconsider and reopen).

Form I290B(Rev. 01/04/91)N



# CHICAGO CONNECTIONS
A HEARTLAND ALLIANCE PARTNER

April 22, 2003

Office of Administrative Appeals
425 Eye Street N.W.
ULLB, 3rd Floor
Washington, D.C. 20536

                              RE:    MOTION TO REOPEN & RECONSIDER
                                       DENIAL OF N-600, Angie Gaytan aka
                                       Angela Ortega, A 43-793-087

Dear Office of Administrative Appeals,

On February 28, 2003, Ms. Ortega's appeal of her denial of her N-600 was denied by the Office of Administrative Appeals. *See* Exhibit A, copy of denial. On March 28, 2003, I directly sent, via Airborne Express, a motion to reopen and reconsider the denial of Ms. Ortega's N-600 to the AAO. This motion included the appropriate fee, a copy of the tapes of the Immigration Proceedings in this case and a copy of the Order of the Immigration Judge indicating that "Respondent established that she acquired U.S. citizenship through her USC father Alfredo Ortega pursuant to 301(g)". *See* Exhibit B, copy of previous motion. On April 21, 2003, I received a letter from the Administrative Appeals Office, dated April 14, 2003, returning the appropriate fee and requesting that I "submit that request to the office that made the original decision." *See* Exhibit C, copy of letter from the AAO.

The motion that I filed on behalf of Ms. Ortega directly to the AAO was filed within 30 days as required by 8 C.F.R. § 103.5. However, that motion was incorrectly filed directly to the AAO, rather then at the local district office. Because I was filing a motion for the Office of Administrative Appeals to reconsider and reopen their decision, I incorrectly thought it was to be filed directly with that office. As soon as I received the returned money order from the AAO, I filed the motion with the correct local office. This motion may be accepted beyond the 30 day period "in the discretion of the Service where it is demonstrated that the delay was reasonable and beyond the control of the applicant or petitioner." 8 C.F.R. § 103.5(a)(1)(i). The mistake in filing was reasonable. Although it is quite clear that initial appeals of District decisions should be filed with that District Office, it is less clear that a motion for the AAO to reconsider and reopen *their* decision should again be filed with the District Office on the same form originally used to file the appeal. In fact, the regulations do not address motions to reconsider or reopen decisions of the AAO—they only address motions to reconsider or reopen the District Office's decisions.

I have submitted a brief in support of my motion to reconsider and reopen. I will submit a copy of the tapes within 30 days of this filing as I have indicated in the I-290B (a copy of the tapes

*Providing paths from harm to hope through human services*

**Midwest Immigrant & Human Rights Center**

TIA/Chicago Connections, 208 South LaSalle Street, Suite 1818, Chicago, Illinois 60604

phone 312-660-1300   fax 312-660-1505   website: www.heartland-alliance.org

was submitted directly to the AAO with the original filing—those tapes were not returned to me with the money order and it will take me at least 2 weeks to copy them from the Immigration Court.)

Thank you very much for your attention to this matter.

Sincerely,

*Anne Relias*

Anne Relias
Staff Attorney
Midwest Immigrant and Human Rights Center
208 S. LaSalle, Suite 1818
Chicago, Illinois 60604
T: (312) 660-1359

**Enclosures**

# MOTION TO REOPEN AND RECONSIDER THE DENIAL OF APPLICANT'S N-600 ANGELA ORTEGA A43 793 087

I. <u>An Immigration Court has determined that the Applicant did acquire citizenship and the Government did not appeal this decision.</u>

The Applicant, asks the Administrative Appeals Unit to reopen and reconsider its' denial of Applicant's N-600 Application for a Certificate of Citizenship. Under 8 C.F.R. § 103.5 in filing a motion to reopen a statement must be included concerning "whether or not the validity of the unfavorable decision has been or is the subject of any judicial proceeding and, if so, the court, nature, date, and status or result of the proceeding." 8 C.F.R. § 103.5(a)(1)(iii)(C). In the case at hand an Immigration Judge in the Chicago District found that the "Respondent established that she acquired U.S. Citizenship through her U.S.C. father, Alfredo Ortega, pursuant to 301(g) of the INA" on May 7, 2002. See Exhibit 1, Order of the Immigration Judge. Proceedings were terminated. Id. The Government did not appeal this decision.

An Immigration Judge heard testimony on this case from the Applicant, Angela Ortega, her mother, Guadelupe Gaytan Esparza and the Applicant's grand-mother, Julia Ortega. The Government was able to cross-examine these witnesses.[1] As a result of this testimony the Immigration Judge found that Angela Ortega had, in fact, acquired citizenship through her United States citizen father. In addition, the Government did not appeal this decision. Therefore, the decision of the Immigration Judge should be honored by the Administrative Appeals Unit and a certificate of citizenship should be issued.

---

[1] An audio copy of these proceedings has been included in this motion to reopen and reconsider.

1

## II. The Citizenship Branch Erred by Failing to Conduct a Hearing

Secondly, in the AAU's opinion, the AAU fails to address an issue the Applicant raised on appeal, that is, the citizenship branch's failure to conduct a hearing. The applicable regulations, at 8 C.F.R. §341.2(a)(2) require that "[e]ach applicant, when notified to do so, shall appear in person before an officer for examination under oath...At the examination the applicant and the acting parent or guardian, if necessary, shall present testimony and evidence pertinent to the claim of citizenship and shall have the right to review and rebut any adverse evidence on file. *See also*, 8 C.F.R. §341.2(e) (governing conduct of the examination; 8 C.F.R. § 341.2(f) (permitting attorney to assist with examination and cross-examination of witnesses during application).

Such a hearing would also be required under the Due Process Clause of the Fifth Amendment, *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), which guarantees the right to be heard at a meaningful time and in a meaningful manner, before a deprivation of liberty occurs. *Id.* What process is due depends on the private interest affected by the official action, the risk of erroneous deprivation of the interest, the value (if any) of additional or substitute procedural safeguards, and the government's interest (including fiscal and administrative burdens that additional or substitute procedural safeguards, and the government's interest (including fiscal and administrative burdens that additional or substitute procedural requirements would impose). *Id.* at 335.

In this case, the Citizenship Branch denied the Applicant's N-600 without permitting Applicant - or counsel – to make arguments on her behalf, or to present testimonial evidence in support of the application. The N-600 was denied without any

2

hearing being scheduled or conducted. Moreover, the AAU cites a lack of additional testimony as one of the basis' for the Applicant's failure to establish her burden of proof. The AAU does not acknowledge that the Applicant was not permitted to do so, nor does it address why such testimony should not now be permitted.

Clearly, the applicant can show prejudice from this failure. When permitted to present testimony before an Immigration Judge, it was determined that the applicant is in fact a U.S. citizen. Copies of the tapes of those proceedings have been submitted with this motion to re-open and reconsider.

WHEREFORE, based on the Immigration Judge's finding that the Applicant had, in fact, acquired United States Citizenship through her United States Citizen father and the Government's failure to appeal this decision, Applicant asks that the Administrative Appeals Unit reopen and reconsider their denial of the Applicant's N-600.

Respectfully Submitted,

*Anne Relias*
Anne Relias
Attorney at Law
Midwest Immigrant and Human Rights Center
208 S. LaSalle, Suite 1818
Chicago, Illinois 60604
T: (312) 660-1359
F: (312) 660-1505