

U.S. Department of Homeland Security
20 Mass. Ave., N.W., Rm. 3000
Washington, DC 20529

**U.S. Citizenship and Immigration Services**

ANGIE GAYTAN
MCHENRY COUNTY JAIL
2200 NORTH SEMINARY AVENUE
WOODSTOCK, IL 60098

FILE:    A43 793 087    Office: CHICAGO, ILLINOIS    Date: AUG 1 7 2007

IN RE:    Applicant:    ANGIE GAYTAN

APPLICATION:    Application for Certificate of Citizenship pursuant to section 309 of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1409.

ON BEHALF OF PETITIONER:

ANNE RELIAS
208 SOUTH LASALLE STREET, SUITE 1818
CHICAGO, IL 60604

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. All documents have been returned to the office that originally decided your case. Any further inquiry must be made to that office.

Robert P. Wiemann, Director
Administrative Appeals Office

EXHIBIT
C

A43 793 087
Page 2

**DISCUSSION:** The application was denied by the District Director, Chicago, Illinois. The Administrative Appeals Office (AAO) dismissed a subsequent appeal. The matter is now before the AAO on motion. The motion will be dismissed and the application denied

The motion is untimely. The regulation at 8 C.F.R. 103.5(a)(1)(i) states that a motion must be filed within 30 days of the decision that the motion seeks to reopen or reconsider. The regulation at 8 C.F.R. § 103.5a(b) states that whenever a person is required to act within a prescribed period after the service of a notice upon him and the notice is served by mail, three days shall be added to the prescribed period. Here, the AAO issued its decision on February 28, 2003. By the applicant's counsel's own admission, the instant motion was sent erroneously to the AAO on March 28, 2003 and was not properly filed with the Chicago district office until April 23, 2003, almost two months after the issuance of the AAO's decision.

A motion to reopen must state the new facts to be proved in the reopened proceeding and be supported by affidavits or other documentary evidence. 8 C.F.R. § 103.5(a)(2). Counsel does not state any new facts. The motion is accompanied by audio tapes of the Immigration Court proceedings and the May 7, 2002 Order of the Immigration Judge. The Immigration Court proceedings, and Order of the Immigration Judge, predated the AAO's decision in this matter. Thus, the motion is not a proper motion to reopen.

The instant motion is instead, at best, a motion to reconsider. A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision. 8 C.F.R. § 103.5(a)(3). Whereas 8 C.F.R. § 103.5(a)(1)(i) provides that a late motion *to reopen* may be excused in the discretion of CIS where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner, the regulations do not provide any discretion to accept an untimely motion to reconsider. As the instant motion constitutes, at best, a motion to reconsider, the AAO cannot consider whether the delay in filing it was reasonable or beyond the applicant's control. The motion must therefore be rejected as untimely.

**ORDER:**     The motion is dismissed and the application denied.