# EXHIBIT A

# U.S Department of Justice
## Immigration and Naturalization
## Record of Deportable/Inadmissible Alien

| Field | Value |
|---|---|
| CONTROL NAME (Last, First, Middle) | ORTEGA-Gaytan, Angie |
| Aliases | |
| Birthdate | |
| Age | 20 |
| Marital Status | Single |
| File Number | |
| Name of Last/Current U.S. Employer | C/N |
| Sex | Female |
| Hair | Blk |
| Eyes | Brn |
| Complexion | MED |
| Height | 65" |
| Weight | 140 |
| Scars or Marks | N/V |
| Address of U.S. Employer | N/A |
| U.S. Address/Mail | 2600 West Lehman, Chicago, IL 60625 |
| Type of Employment | N/A |
| Alien's Telephone # | |
| Date of Action | 09/25/2001 |
| Location Code | CHI/SPF |
| Salary | N/A |
| From: | N/A |
| To: | N/A |
| City, Province (State) and Country of Birth | San Fco de los Romo, AGS, Mexico |
| Country of Citizenship | Mexico |
| Passport Number and Country of Issue | BCHO.8438 Mexico |
| Date, Place, Time, and Manner of Last Entry/Attempted Entry | January 6, 1993 El Paso, TX Immigrant |
| Status at Entry | Immigrant |
| Length of Time Illegally in U.S. | 1 - 6 mos |
| Status When Found | INST |
| Foreign Address/Residence | San Franciscoo de los Romo, Aguascalientes, Mexico |
| Arrived From/Boarded At | |
| Method of Location/Apprehension | 511.2.2 |
| (At/Near) | Decatur, IL |
| Date and Hour | 09/24/2001 |
| Apprehended by | Hutton |
| Visa # | CDJ199276472901 |
| Date of Visa Iss./Loc. | 01/06/93 Cd Juarez |
| Name on Social Security Card | Same |
| Social Security No. | |
| Type of Visa: | IMM |
| Name, Address, and Nationality of Spouse | // |
| Number and Nationality of minor children | 1 - USC |
| Father's Name, and Nationality and Address, if known | Alfredo Ortega/United States/Deceased |
| Mother's Present and Maiden Names, Nationality, and Address, if known | Maria Guadalupe Hickey/Mexico (US LPR)/SUSA |
| Monies Due/Property in U.S. Not in immediate possession | ☑ None Claimed ☐ See Form I-43 |
| RECORD CHECKS COMPLETED | ☐ (NONE) ☑ OTHER (Specify) ☑ CIS ☐ DACS ☑ NCIC ☐ NIIS ☐ OASIS ☐ STSC |
| F.B.I. No. | 336786DB9 |
| Deportation Charge(s) | 237(a)(2)(A)(iii)  237(a)(2)(C)  237(a)( )( ) |
| Exclusion Charge(s) | 212(a)( )( )( )  212(a)( )( )( ) |
| DACS Citation(s) | R2A3  R2C |

Place a check on the appropriate box(es) if any of the following actions were completed:
☐ DOC LIFTED (No) N/A  ☐ FINGERPRINTED  ☐ PHOTOGRAPHED  ☐ I217 EXECUTED

Special Programs: ☐ OCDEFT  ☐ Grandfathered Alien  ☐ SANCTIONS  ☐ SAVE
Fraudulent Documents: ☐ Sanctions  ☐ Other
Criminal Record: ☑ YES  ☐ NO  ☐ CA  ☐ CO  ☐ SR  ☑ AF
Immigration Record: ☐ YES  ☑ NO  ☐ PRIOR DEPORT  ☐ PRIOR VR

Smuggled Alien: ☐ Claimed  ☐ Verified  ☐ Land  ☐ Water  ☐ Aircraft
Assistance in Apprehension: ☐ Sensors Observation  ☐ Aircraft  ☐ K-9 Patrol  ☐ Horse Patrol  ☐ All Terrain Vehicle  ☐ Other Observation Device (specify)

Contraband: ☐ Narcotics  ☐ Currency  ☐ Weapons  ☐ Other
Funds in Possession: 
Alien Initial:
Date: 09/25/2001
A list of free legal services has been provided: ☑ Yes  ☐ No

Alien has been advised of communication privileges pursuant to 8 CFR 236.1(e). Initial _____ Date _____

Narrative: Include details not shown above and whether or not eligible for special status program (e.g., TPS, etc.)

Inmate Number R36423    PRD 06/29/2002

Subject was interviewed 09/24/2001 at the Decatur Correctional Center in Decatur, IL. Subject claims that she is a native and citizen of Mexico. She claims her biological father was a U.S. citizen by virtue of his birth in the United States. She claims her mother never married her biological father. Subject's mother (A43793085) is a lawful permanent resident of the U.S. Subject entered the U.S. as a CR2 on/about 01/06/1993. The conditions were removed on/about 05/22/1995 and she was accorded the status of a LPR as of on/about 01/06/1993.

Subject was, on July 5, 2001, convicted in the Circuit Court at Cook County, Illinois for the offense of Robbery and sentenced to 3 years imprisonment in IDOC. Case number is 99CR13969. Certified copy of conviction is attached.

Subject appears to be amenable to deportation proceedings pursuant to the Section(s) of the INA stated above. A detainer (I-247) was, on 09/25/2001, lodged with IDOC.

(Signature and Title) _____ Special Agent

☐ Continued on attached continuation page

DISTRIBUTION
1 - FILE
1 - CHI IO
1 - SSA
1 - SPF

Received (subject and documents) (report of interview) from
Officer: William A. Hutton
09/25/2001
Disposition: (I-862) Charging document mailed to prison
(Receiving Officer) _____ SSA

Form I-213 (Rev. 4/1/97) X

# EXHIBIT B

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE

| | |
|---|---|
| In the Matter of: ) | |
| ) | |
| Angie Ortega ) | Motion to Reconsider a Request for Bond |
| ) | |
| ▮▮▮▮▮▮ ) | Honorable Judge Cuevas |
| ) | |

## MOTION TO RECONSIDER A REQUEST FOR BOND

On March 21, 2002, the Immigration Judge denied a change in Respondent's custody status, but invited Respondent to submit documentation in support of her contention that she has derived United States citizenship. The following is the that motion with the following:

1. On April 8, 2002, Respondent filed an N-600 application for certificate of United States citizenship with the Immigration and Naturalization Service as she acquired citizenship at birth as her father was a United States citizen. Respondent is a United States citizen because at the time of her birth her parents were informally married under Texas Common Law, and therefore she was legitimately born. The Respondent's father, Alfredo Ortega, had been physically present in the United States for at least ten years, at least five of which were after the age of fourteen years. INA § 320. Therefore, Respondent acquired citizenship through her United States citizen father. A copy of that application, and supporting documentation, is attached to this motion.

1

2. Under <u>Matter of Joseph</u>, Int. Dec. 3398 (BIA 1999), an Immigration Judge has jurisdiction to find that a person is eligible for bond, and is not properly included in the mandatory detention category if it substantially unlikely that the Immigration and Naturalization Service will prevail on a charge of removability.

3. Here, it is substantially unlikely that the INS will prevail on its' charge against Angie Ortega because she is a United States citizen and, therefore, outside the jurisdiction of this Court.

4. In the interest of justice and fairness a United States citizen should not be continued to be detained by the INS.

WHEREFORE, the Respondent, a United States citizen, requests that he be released from INS custody on his own recognizance as he is a United States citizen and has submitted sufficient evidence in support of his citizenship.

Respectfully Submitted,

*Anne H. Relias*

Anne G. Relias
Staff Attorney
Midwest Immigrant and Human Rights Center
208 South LaSalle, Suite 1800
Chicago, Illinois 60604
(312) 660-1359