IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGIE ORTEGA,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>MICHAEL B. MUKASEY, Attorney General<br>of the United States, and EMILIO T. GONZALEZ,<br>as Director of the Bureau of U.S. Citizenship<br>and Immigration Services,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)   No.  08 C 1121<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S SURREPLY TO GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION**

In an attempt to bolster its Motion to Dismiss, the Government has introduced a document in its Reply Brief which it uses to argue that Plaintiff should be barred from seeking judicial review of her claim to citizenship because she (1) is a Mexican citizen and/or (2) only raised her claim to U.S. citizen status when faced with the possibility of being removed from the country.

The document (Exhibit A to the Government's Reply Brief) is a hearsay statement not authored by Plaintiff but by an immigration officer who apparently interviewed Plaintiff before the commencement of her removal proceedings in September, 2001. By introducing this inadmissible statement, the Government is improperly attempting to litigate the merits of this case despite its position that the case may be dismissed on the pleadings for lack of subject matter jurisdiction. In ruling on the Government's motion to dismiss, therefore, the Court ought to disregard this document and the argument made by the Government that Plaintiff is somehow barred from seeking judicial review of the denial of her N-600 application either because she is a

Mexican citizen or because she only sought U.S. citizenship when faced with the possibility of being removed from the country.

Even assuming the interview notes may be used in connection with the present Motion and are admissible, the notes do nothing but support Plaintiff's claim to U.S. citizenship and undermine the Government's incorrect and unconstitutional interpretation of Section 1503(a)(1).

The Government stresses in its Reply Brief that Plaintiff is a native and citizen of Mexico. (Reply Brief, p. 2.) There is no inconsistency between Plaintiff's claim to be a citizen of Mexico and her claim to be a citizen of the United States; in fact, she is a citizen of both countries. Dual citizenship has long been recognized by U.S. Courts. *See, e.g., Mandoli v. Acheson*, 344 U.S. 133 (1952); *Matter of Becher*, 12 I. & N. Dec. 380, 1965 WL 12337 (A.G. 1967). As the interview notes themselves reveal, Plaintiff informed the Government on September 24, 2001 (before removal proceedings were even commenced against her) that her biological father was a U.S. citizen by virtue of his birth in the United States and her mother a lawful permanent resident of the United States. Provided Plaintiff's mother and father resided in the United States for five years before her birth – a fact that she has already proven to the satisfaction of an Immigration Judge --, she is entitled to U.S. citizen pursuant to Section 301(g) of the Immigration and Nationality Act, 8 U.S.C. § 1401(g). Thus, the fact that Plaintiff was born in Mexico and is a Mexican citizen does not bar her claim to U.S. citizenship and certainly is not grounds for this Court to refuse to entertain her case on jurisdictional grounds.

As for the Government's suggestion that Plaintiff should be barred from seeking judicial review of her claim to U.S. citizenship because she "first raised" the claim when faced with removal, there is nothing in the language of Section 1503(a)(1) nor any caselaw to support such an interpretation. Section 1503(a)(1) confers jurisdiction on U.S. district courts to hear

citizenship claims like Plaintiff's. It does not condition the exercise of jurisdiction over citizenship claims on the petitioner's U.S. citizenship "first arising" somewhere other than a removal proceeding. In fact, as pointed out in Plaintiff's Response Brief (p. 3), Section 1503(a) does not use the word "first" anywhere, bar the filing of N-600 applications by persons in removal proceedings, or provide that citizenship claims made "after" the initiation of removal proceedings may not be reviewed by a court.

Under the Government's interpretation of Section 1503(a)(1), petitioners like Plaintiff are effectively barred from obtaining judicial review of their claims to U.S. citizenship even though they (1) have exhausted all of their administrative remedies, (2) have no ability to seek judicial review under Section 1252(b), and (3) have convinced an Immigration Judge of their entitlement to status as a U.S. citizen. The Government attempts to downplay these consequences of its interpretation of Section 1503(a)(1) by suggesting that a petitioner can file a new N-600 when removal proceedings have "run their full course and terminated" and, if necessary, obtain judicial review of a denial of that application at "some future time." (Reply, p. 5, *citing Rios-Valenzuela*, 506 F.3d at 402.)[1] But this argument simply cannot be reconciled with the Government's interpretation of Section 1503(a)(1). If the Government is correct that Plaintiff's claim to citizenship in this case "arose by reason of, or in connection with" her removal proceeding, the filing of a new N-600 application cannot alter when and under what circumstances the issue of her citizenship "first arose." The termination of her removal proceedings would not trigger

---

[1] Moreover, assuming *arguendo* that the Government is correct that a petitioner can file a federal appeal of a citizenship claim raised after removal proceedings have been terminated, it would follow that this Court has jurisdiction here. Plaintiff's claim to citizenship was formally and finally denied in 2003 by the Office of Administrative Appeals, two years after her removal proceeding was terminated. The USCIS did so without hearing and without considering the Immigration Judge's decision below; this claim arose at that point, and ripened at that point into a litigable claim (though Plaintiff sought to avoid federal litigation by seeking reopening with the Agency). Because her claim ripened and arose after removal proceedings were terminated, even under the Government's theory, the Court would have jurisdiction herein.

Plaintiff's right to file yet another N-600 application and serve as a means by which to seek judicial review "some time" in the future on the final administrative decision rendered on that issue in 2003.

The better, and only constitutionally correct, interpretation of section 1503(a)(1) is the one urged by Plaintiff. If a petitioner is found by an Immigration Judge not to be a citizen, and is ordered removed, she is not permitted to avail herself of an action in District Court under § 1503(a)(1) but rather must pursue her claim in the Court of Appeals after exhausting administrative remedies pursuant to 8 U.S.C. § 1252(b). If an individual's claim of U.S. citizenship is denied by U.S. Citizenship and Immigration Services, and she has no other means of adjudicating that issue because her removal proceeding have been terminated with prejudice, she can file an action in District Court. In either circumstance, the petitioner's due process rights are respected and judicial review ensured without undermining Congress' intent in enacting Section 1503(a)(1) to prevent efforts to interfere with removal proceedings or to circumvent administrative review of citizenship claims.

In conclusion, the Government's interpretation of Section 1503(a)(1) as stripping this Court of jurisdiction to hear Plaintiff's citizenship claim is erroneous, would lead to unconstitutional results, and must be rejected by this Court.

Respectfully submitted,

s/ James A. Morsch

Dated:   August 22, 2008

Plaintiff's Attorney

James A. Morsch (6209558)
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602-4257
(312 ) 444-9660

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, a true and correct copy of the foregoing Plaintiff's Surreply to Government's Motion to Dismiss for Lack of Jurisdiction was served upon the persons to whom the Notice is addressed by electronic filing.

>Patrick J. Fitzgerald
>United States Attorney
>
>Sheila McNulty
>Assistant U.S. Attorney
>United States Attorney's Office
>219 South Dearborn Street, Suite 500
>Chicago, IL 60604
>
>Gregory G. Katsas
>Acting Assistant Attorney General
>
>Elizabeth J. Stevens
>Assistant Director, District Court Section
>
>Christopher W. Dempsey
>U.S. Department of Justice, Civil Division
>Office of Immigration Litigation
>450 5th St. NW
>Washington, DC 20044

>_____s/ James A. Morsch_____

425484v2